## PALMER v. BURKE COUNTY.

BELL, J. In 1924, the constitution of this State was so amended as to provide that the General Assembly shall "have authority to consolidate the offices and duties of tax-receiver and tax-collector in any or all of the counties of the State, the official performing the duties of said two offices, when so consolidated, to be known as county tax-commissioner, and the General Assembly may prescribe the compensation of such county tax-commissioner or authorize county authorities to fix the same, which compensation may be on the basis of fees or salary, and may be fixed without regard to uniformity in the various counties; and when such compensation is fixed on a salary basis, the authority fixing the same shall determine what disposition shall be made of the fees and commissions accruing to each of said offices so consolidated, and to provide for the levy and collection of a tax sufficient to pay the salary so fixed." In 1925 the legislature passed an act purporting to create the office of county tax-commissioner for Burke County, and to prescribe the duties and fix the compensation of such officer. Ga. L. 1925, p. 562. *Held:*

1. One who accepted such office of tax-commissioner and enjoyed the benefits and emoluments thereof could not resist an execution issued by the county commissioners against him for a sum alleged to have been improperly retained as fees, by claiming that the act creating such office was unconstitutional upon any of the following alleged grounds: (1) the act purported to abolish the offices of tax-collector and tax-receiver, whereas the amendment to the constitution provided only for the consolidation of these offices; (2) the act undertook to declare what disposi-

tion should be made of fees and commissions, whereas the amendment did not authorize such legislation except where a *salary* was provided, and the act under consideration fixed the compensation of the tax-commissioner on a basis of fees instead of salary; (3) the act is a special law for which provision has been made by an existing general law; (4) the act violates the due-process clause of the State and Federal constitutions. A person after so holding and enjoying the office would be estopped from contending that the act creating the office was invalid upon any of the foregoing grounds, relating solely to the amount of compensation to be received by the commissioner under such statute. Daniels *v.* Tearney, 102 U. S. 415 (26 L. ed. 187); Grand Rapids &c. R. Co. *v.* Osborn, 193 U. S. 17 (24 Sup. Ct. 310, 48 L. ed. 598); Booth Fisheries Co. *v.* Industrial Commission, 271 U. S. 208 (46 Sup. Ct. 491, 70 L. ed. 908); *Butler* v. *McClure*, 177 *Ga.* 552, 554 (170 S. E. 678).

2. Section 4 of the act of 1925 (Ga. L. 1925, p. 563), creating the office of county tax-commissioner, provided that "all fees, commissions, and all other compensation now allowed to the tax-receiver and tax-collector of Burke County, Georgia, from both state, county, and special taxes, shall be collected by the tax-commissioner and paid into the county depository of said county, and the same shall be accounted for by the county depository thereof, the same as he accounts for all other funds belonging to said county." Section 6 provided that the compensation of the tax-commissioner "shall be a sum equal to fifty per cent. of the fees, commissions, and all other compensation now accruing to the tax-receiver and tax-collector of Burke County, Georgia." Under a proper construction of these two sections, considered together, the tax-commissioner, for the collection of school taxes, was entitled to only fifty per cent. of the commission which had theretofore been allowed by law to the tax-collector for such service, there being no provision of law allowing compensation to a tax-receiver for such service.

3. While under the school law the tax-collector is required to pay over to the school authorities all sums collected as taxes for educational purposes, such taxes are nevertheless levied by the county authorities; and where a tax-commissioner has succeeded to the duties of a tax-collector and has retained from such taxes a sum as commissions in excess of the amount to which he is entitled under the act creating the office of county tax-commissioner, the proper county authorities may issue an execution for the excess under the Civil Code (1910), § 523. In such case it is not a valid defense that the amount improperly retained should have been paid by the commissioner to the educational authorities, and that they alone had any claim thereto. Since the tax was levied by the county, though for educational purposes, it was within the province of the county authorities to issue execution for any sum unlawfully retained by the tax-commissioner, and the disposition of the recovery is a matter between the county and the educational authorities, the presumption being that the amount so recovered will be applied according to law. See Ga. L. 1919, pp. 288, 337, 341; Code Supp., Park, §§ 1438(f, n), Michie, §§ 1551(131, 142); Civil Code (1910), § 516.

4. The tax-commissioner having retained as commissions for collecting county and local school taxes the full amount which had been allowed by

law to the tax-collector before the act of 1925, supra, became effective, and having sought to enjoin an execution issued by the county authorities for the full amount so retained, which execution was later conceded by the plaintiffs in fi. fa. to be valid for only one half of the amount, the judge, who tried the case by consent without a jury, did not err in awarding to the county the amount as finally claimed by it, which had been paid into court subject to judicial determination as to the rights of the parties.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*

No. 10440. MARCH 15, 1935.

*Fullbright & Burney* and *Lewis & Lewis*, for plaintiff.
*Pierce Brothers* and *Joseph Law*, for defendants.

*Judgment affirmed. All the Justices concur.*