19944, 19964. LAURENS COUNTY *et al. v.* KEEN; and *vice versa.*

ARGUED JANUARY 14, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958 AND MARCH 10, 1958.

H. Dale Thompson, R. M. Daley, for plaintiffs in error.

Carl K. Nelson, Nelson & Nelson, contra.

HEAD, Justice. ■ Only those constitutional questions essential to the disposition of a case will be considered by this court. *Armstrong* v. *Jones*, 34 *Ga*. 309; *McGill* v. *Osborne*, 131 *Ga*. 541 (62 S. E. 811); *Georgia Power Co.* v. *City of Decatur*, 173 *Ga*. 219, 220 (159 S. E. 863); *Sumter County* v. *Allen*, 193 *Ga*. 171, 173 (17 S. E. 2d 567). In the present case, the plaintiff in his first and second amendments attacks the constitutionality of the act consolidating the offices of Tax Receiver and Tax Collector in Laurens County (Ga. L. 1952, pp. 2327-2334). The questions made as to the validity of this act must be considered, since the case can not otherwise be determined.

In his first amendment, the plaintiff alleges that the act creating the office of Tax Commissioner for Laurens County is unconstitutional, null, and void, in that it contravenes and violates the Constitution, Art. I, Sec. IV, Par. I (Code, Ann., § 2-401), which provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." It is contended that the act creating the office of Tax Commissioner for Laurens County is a special law in direct conflict with stated provisions of the general law of this State.

"The object of construction, as applied to a written constitution, is to give effect to the intention of the people in adopting it. . ." *Wellborn* v. *Estes*, 70 *Ga*. 390 (2); *Park* v. *Candler*, 114 *Ga*. 466 (40 S. E. 523). In the present case, the constitutional provision cited and relied on by the plaintiff must be construed in connection with Art. XI, Sec. I, Par. VI (Code, Ann., § 2-7806), which provides that the General Assembly "may consolidate the offices of Tax Receiver and Tax Collector in the office of Tax Commissioner, and may fix his compensation, without respect to uniformity." It must also be construed in con-

nection with Art. XI, Sec. II, Par. II (Code, Ann., § 2-7902), which provides: "County officers may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law."

Construing the three above-cited provisions of the Constitution together, as they must be, it was the clear intent that the offices of tax receiver and tax collector in any county of this State might be consolidated, and the compensation of such office be fixed in such manner as might be provided by the General Assembly. In *Houlihan* v. *Saussy*, 206 *Ga.* 1 (55 S. E. 2d 557), this court, in a unanimous decision, upheld the validity of an act amending an act placing the Tax Receiver, Tax Collector, and other county officers of Chatham County upon a salary. In that case it was alleged that the salary provision was in violation of the Constitution, Art. I, Sec. IV, Par. I (Code, Ann., § 2-401). The ruling in *Houlihan* v. *Saussy*, supra, is controlling in the present case adversely to the contentions of the plaintiff. The other constitutional questions sought to be made in the first amendment to the petition are without merit, and require no elaboration.

■ In his second amendment, the plaintiff asserted that the act creating the office of Tax Commissioner of Laurens County violates the Constitution, Art. III, Sec. VII, Par. XV (Code, Ann., § 2-1915), which provides: "No local or special bill shall become law unless there is attached to and made part of said bill a copy of said notice certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law."

The act creating the office of Tax Commissioner of Laurens County (Ga. L. 1952, pp. 2327-2334) contains a copy of the published notice of intention to introduce the legislation in the General Assembly, and following immediately thereafter is the form of an unexecuted affidavit by the authors of the bill, wherein it is recited that the required notice was published on Saturday, December 9, 1951; Saturday, January 5, 1952; and Saturday, January 12, 1952. Following this, is a certification by the publisher of the official organ of Laurens County that the attached copy of notice to introduce local legislation was published on December 29, 1951, January 5, 1952, and January 12, 1952.

The plaintiff relies upon *Gay* v. *Laurens County*, 213 *Ga.* 518 (100 S. E. 2d 271), wherein it was held that a publication on December 9, 1951, was on Sunday, and not in compliance with the requirements of the Constitution. The case of *Gay* v. *Laurens County* is not in point on its facts, and is not controlling, in the present case. In the *Gay* case there was no proper certification by the publisher. There was an executed affidavit by the authors of the bill. The constitutional provision requires a certification by the publisher, or in lieu thereof, an affidavit by the authors of the bill. In the present case, we have a valid certification by the publisher, which can not be held invalid solely on the basis of a writing in the form of an affidavit which was not executed by an officer authorized to administer an oath. In the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with the valid certification by the publisher of the official organ of Laurens County.

■ Section 7 of the act (Ga. L. 1952, p. 2330) creating the office of Tax Commissioner of Laurens County is as follows: "All fees, costs, commissions, and other compensation now or hereafter allowed by law to the Tax Receiver and Tax Collector of Laurens County, for receiving and collecting tax for the State and political subdivisions thereof, shall be collected by the said tax commissioner, and all such funds so collected shall be paid into the treasury of the County of Laurens as county funds, subject to disbursement under orders of the commissioners of roads and revenues." It is contended that this section is unconstitutional, null, and void, in that it is in conflict with certain provisions of the general law. It is contended that the act of 1951 (Ga. L. 1951, pp. 815-817) provides for certain special commissions to tax collectors and tax commissioners, and that section 7 of the act creating the office of Tax Commissioner for Laurens County is in conflict with this provision of the general law, and is unconstitutional, null, and void.

Section 7 of the act of 1952, requiring that costs, fees, and commissions then provided by law for the tax receiver and tax collector be paid into the treasury of Laurens County, is in accord with the constitutional authority to consolidate the offices of tax receiver and tax collector and to fix the compensation of

the tax commissioner. The further provision of the Constitution, that county officers may be on a salary basis, a fee basis, or both, imposes no limitation on the General Assembly in fixing the compensation for the tax commissioner. See *Houlihan* v. *Saussy,* 206 *Ga.* 1, supra. Section 7 of the act creating the office of Tax Commissioner for Laurens County is, therefore, not invalid for any reason alleged by the plaintiff.

■ In his original petition, the plaintiff alleges that, on May 6, 1952, the Board of Commissioners of Roads and Revenues adopted a resolution authorizing the plaintiff to receive commissions of 10% on all taxes collected in excess of 80% of the total taxes due according to the net tax digest; and that he was entitled to certain commissions under this resolution for the years 1952, 1953, 1954, and 1955. The amounts claimed by the plaintiff for the year 1952, as special commissions, are not included in the execution issued by the commissioners, and are not involved in the present controversy. The act of 1951 (Ga. L. 1951, pp. 815-817) authorized the resolution, and the plaintiff was entitled to the commissions claimed for the year 1952.

The plaintiff contends that the resolution of the commissioners, adopted pursuant to the 1951 act, remained in full force and effect, and that he was entitled to the special commissions retained by him for the years 1953, 1954, and 1955. This contention can not be sustained as to the commissions for 1953 and 1954. The year 1955 falls under a different act of the General Assembly, which will be referred to later herein. The resolution of the commissioners, providing for extra compensation to the "Tax Collector" for the year 1952, under the act of 1951 (Ga. L. 1951, pp. 815-817), would not extend to the years 1953 and 1954, since the resolution by its terms was limited to the plaintiff as "Tax Collector", and his term of office as tax collector terminated on December 31, 1952. The act consolidating the offices of Tax Receiver and Tax Collector in Laurens County was approved February 12, 1952 (Ga. L. 1952, pp. 2327-2334), so that at the time of the adoption of the resolution on May 6, 1952, both the county commissioners and the plaintiff were put upon notice by the terms of that act that the office of Tax Collector of Laurens County would terminate on December 31, 1952. The plaintiff

could not lawfully claim commissions under an office that was terminated under constitutional authority.

The act of 1953, approved February 26, 1953 (Ga. L. 1953, Jan.-Feb. Sess., pp. 234-235), amending the schedule of commissions for tax receivers and tax collectors on the net tax digest, has no application in the present case. While it is provided in section 3 of this act that the 10% commissions on taxes collected above 80% of the net tax digest, as provided by Ga. L. 1951, pp. 815-817, are not repealed, this provision would have no application where the tax commissioner had been placed on a salary only subsequently to the act of 1951. This is clearly demonstrated by section 4 of the 1953 act, which provides: "This act shall not apply to any county where the tax collector, tax receiver or tax commissioner is on a salary basis only." This provision of section 4 means that the schedule of regular commissions under section 1, and special commissions referred to in section 3, shall not apply where the tax receiver, tax collector, or tax commissioner is on a salary only, and where the act placing such tax receiver, tax collector, or tax, commissioner on a salary was enacted subsequently to the act of 1951.

■ In his third amendment, which is an amplification of his original petition, the plaintiff alleges that in June, 1954, he submitted his "account and report, showing the collections and remittances of all county, school, and local taxes collected in and for Laurens County, for the year 1953 . . . and that in said account and report it was shown that he had collected and retained the aforesaid sum of $6,624.41 as such additional commissions under the provisions of the aforesaid law." It is alleged that the county commissioners approved and accepted this complete and final settlement and report for the year 1953.

It is contended by the plaintiff that the county commissioners are "barred by the statute of limitations" from asserting claim to this amount of $6,624.41. He relies upon language from Code § 89-827 as follows: "An approved account or approved part of an account shall be prima facie conclusive, as of the date of the approval, of its correctness; and, unless its correctness be challenged in some citation or in some action in law or in equity brought within two years from the date of such approval, shall be absolutely conclusive of the correctness of the account or

the approved parts thereof, as of the date of the approval." This provision of § 89-827 is not a statute of limitations in the sense that amounts shown to be due by the report could not be collected after the period of two years. This language simply means that, after a period of two years, the correctness of the figures contained in such report can not be challenged. Code § 89-832 fixes the statute of limitations at 6 years from the date a cause of action arises, as against the tax collector or tax commissioner, and 3 years from the date a cause of action accrues, as against the surety on his official bond. *United States Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544 (1 S. E. 2d 411).

Under the act of 1952 (Ga. L. 1952, pp. 2327-2334), placing the Tax Commissioner of Laurens County on a salary, the county Board of Commissioners of Roads and Revenues was without authority to allow any sum as commissions as claimed by the plaintiff for the collections made by him on the 1953 digest. The plaintiff had equal opportunity with the board of county commissioners to know that he was not entitled to the commissions claimed.

"Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code § 89-903. *Wood* v. *Puritan Chemical Co.,* 178 *Ga.* 229 (172 S. E. 557) ; *Standard Oil Co. of Kentucky* v. *State Revenue Commission,* 179 *Ga.* 371 (176 S. E. 1). The Tax Commissioner of Laurens County was without authority of law to claim the commissions withheld by him for collections on the 1953 digest. The county Board of Commissioners of Roads and Revenues was without authority to approve the plaintiff's claim to the commissions withheld. From the allegations of the petition, nothing more appears than that the county Commissioners of Roads and Revenues approved the figures showing that such commissions were in the hands of the tax commissioner; but if a further approval was attempted, it was wholly unauthorized by law, and the county could not be estopped to assert its right to these commissions prior to the statute of limitations of six years, as fixed by Code § 89-832.

■ By an act of the General Assembly approved February 11, 1955 (Ga. L. 1955, pp. 176-179), the General Assembly re-

enacted the provisions of the act of 1951 (Ga. L. 1951, pp. 815-817), wherein it is provided that the tax collector or tax commissioner shall receive 10% commissions on all taxes collected in excess of 90% of the net tax digest, and may receive an additional 10% commissions on all taxes collected in excess of 80% of the digest, by approval of the board of commissioners of roads and revenues, or the ordinary in those counties not having a board of commissioners. It is provided in the act of 1955 (Sec. 3, p. 178): "In those counties where the tax collector or tax commissioner is paid on a salary basis, the commission provided for herein shall be paid to the tax collector or tax commissioner in addition to the said salary." Under this provision of the act of 1955, the Tax Commissioner of Laurens County was entitled to 10% commissions on all taxes collected in excess of 90% of the net tax digest for the years 1955 and 1956, and will continue to be entitled to such commissions until such time as the provision of the act of 1955 is either repealed or modified by the General Assembly.

The right of the General Assembly to increase the compensation of the Tax Commissioner of Laurens County is controlled by the Constitution, Art. XI, Sec. II, Par. II (Code, Ann., § 2-7902), which provides for compensation "as may be directed by law." Art. III, Sec. XI, Par. I (Code, Ann., § 2-2301), as amended in 1956 (Ga. L. 1956, Vol. I, pp. 669-671), applicable to "elective officers provided for" in the Constitution, is not in conflict with the constitutional provision for compensation to county officers as may be "directed by law."

The execution issued by the county board of Commissioners of Roads and Revenues was, therefore, in an amount in excess of that which was lawfully due.

The fees due the Tax Commissioner of Laurens County, as "agent of the State Revenue Commissioner for the registration and licensing of motor vehicles" under the acts of the General Assembly of 1955 and 1957 (Ga. L. 1955, pp. 659-662; Ga. L. 1957, Vol. I, pp. 197-202; Code, Ann., §§ 68-244, 68-246), are not involved in the present litigation. Under the provisions of this law the Tax Commissioner of Laurens County is clearly entitled to collect and retain these fees.

■ The defendants contend that the plaintiff is estopped to

attack the constitutionality of the act creating the office of Tax Commissioner for Laurens County, and they cite and rely upon *Palmer* v. *Burke County*, 180 *Ga.* 478 (179 S. E. 344). The *Palmer* case is not in point on its facts with the present case. In the *Palmer* case the county was proceeding under Code §§ 92-3807—92-3810, inclusive, wherein the defendant could defend by affidavit of illegality. In the present case, the Commissioners of Roads and Revenues gave notice, and started proceedings against the plaintiff, under the provisions of Code § 89-818, and the sole remedy afforded the Tax Commissioner under such proceedings is by appeal. In *County of Bibb* v. *Winslett*, 191 *Ga.* 860 (14 S. E. 2d 108), this court held that the remedy as provided by the act of 1933 (Code § 89-818) was not an adequate remedy for contesting the county's claim, and that the trial court did not err in enjoining and restraining the county commissioners from proceeding under the citation.

The defendants rely upon *Bruce* v. *County of Troup*, 92 *Ga. App.* 786 (90 S. E. 2d 60), as authority to sustain their contention that the plaintiff is not entitled to any of the commissions claimed. Insofar as the *Bruce* case is in conflict with the rulings here, it is disapproved.

*Judgment affirmed on the main bill and cross-bill of exceptions. All the Justices concur.*