39953. CLARK et al. v. KAYLOR, Commissioner.

BELL, Judge. LeRoy Kaylor, Commissioner of Roads and Revenue of Whitfield County, Georgia, filed an execution and levy against P. D. Clark, Tax Commissioner of Whitfield County, and General Insurance Company of America, as surety on the official bond of P. D. Clark, Tax Commissioner, seeking to recover the amount of $5,688.51, allegedly belonging to the county and being unlawfully withheld by Clark as Tax Commissioner. Clark, Tax Commissioner, filed an affidavit of illegality and bond. Kaylor, Commissioner, filed a traverse to the affidavit of illegality.

Under a stipulation by counsel that no question of fact was presented by the pleadings, the question of law was submitted to the trial court for determination. The trial court entered judgment finding in favor of the plaintiff in execution and dismissed the affidavit of illegality. Plaintiff in error excepted to the judgment of the court dismissing the affidavit of illegality. The only issue in the cause as stated by counsel for the plaintiff in error is: "whether or not the Tax Commissioner of Whitfield County, Georgia, is entitled to a commission of 10 percent of taxes collected in excess of 90 percent of the

total taxes due, according to the tax net digest, in addition to his salary as provided in an act of the General Assembly of the State of Georgia approved February 11, 1955 (Ga. L. 1955, pp. 176-179, Section 3)." *Held:*

This appeal is controlled by the case of *Laurens County v. Keen,* 214 Ga. 32 (102 SE2d 697), where it is held, in Division 1 of the opinion, that the General Assembly is expressly authorized by the Constitution of the State to consolidate and compensate the offices of tax receiver and tax collector in any county of the State without respect to uniformity. In Division 4 of the opinion, it is held by the Supreme Court that a subsequent act of the General Assembly fixing the compensation of a tax commissioner of a particular county takes precedence over any preceding general law applying uniformly to the several counties.

By an act of the 1955 session of the General Assembly, it was provided that: "Provided, further, that in those counties where the tax collector or tax commissioner is paid on a salary basis, the commission provided for herein shall be paid to the tax collector or tax commissioner in addition to the said salary." Ga. L. 1955, pp. 176, 178, Sec. 3. The enactment of this proviso does not preclude any subsequent expressions of the General Assembly fixing the salary of the tax commissioner in a particular county and limiting the salary as the inclusive remuneration from the office.

The General Assembly, subsequent to the 1955 act, has enacted a statute applying to the office of the Tax Commissioner of Whitfield County, fixing the salary of the office at $9,500 per year and providing further: "That all commissions, fees, emoluments and all other compensation allowed to the Tax Receiver and Tax Collector of Whitfield County, Georgia, after this Act becomes effective, shall be paid into the depository of Whitfield County, Georgia, and shall be the property of Whitfield County, Georgia." Ga. L. 1960, pp. 2019, 2020, Sec. 4. This portion of the act quoted clearly shows that it was the legislative intent to limit the total compensation of the office of Tax Commissioner of Whitfield County at $9,500 per year. That it was the legislative intent to exclude "commissions, fees, emoluments and all other compensation" as a possible supplement to his salary is unequivocally stated by the provision requiring that all of these items "shall be paid

into the depository of Whitfield County, Georgia, and shall be the property of Whitfield County, Georgia."

It is clear that the 1960 act, as the latest expression of the General Assembly governing the emoluments to be received by the Tax Commissioner of Whitfield County, has the effect of superseding Ga. L. 1955, pp. 176, 178, Sec. 3, to the extent that the Tax Commissioner of Whitfield County is not entitled, under the 1955 act, to receive the 10 percent on all taxes collected in excess of 90 percent of the total of taxes due according to the tax net digest of Whitfield County.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*

DECIDED MARCH 15, 1963—REHEARING DENIED MARCH 21, 1963.

*Stafford R. Brooke,* for plaintiffs in error.
*Adams & McDonald, Ernest McDonald,* contra.