22051. CLARK, Tax Commissioner v. KAYLOR, Commissioner of Roads & Revenue.

ARGUED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963—REHEARING DENIED SEPTEMBER 18, 1963.

*Stafford R. Brooke,* for plaintiff in error.

*McDonald, Longley & McDonald, Ernest McDonald,* contra.

GRICE, Justice. The issue here is whether the Tax Commissioner of Whitfield County is entitled to a commission of 10% of the taxes collected in excess of 90% of the total taxes due according to the net tax digest of that county for the year 1961.

This question arose from the issuance of an execution by Le-Roy Kaylor, Commissioner of Roads and Revenue of Whitfield County, against P. D. Clark, Whitfield County Tax Commissioner, for the amount of such commission and the latter's filing of an affidavit of illegality thereto, claiming that he was entitled to such amount. The parties stipulated the facts and submitted them to the trial court for determination without a jury. It entered judgment dismissing the affidavit of illegality and permitting the execution to proceed. The Court of Appeals affirmed and this court granted certiorari.

The correctness of that judgment depends upon whether a general law of this State or a local statute is controlling. The general law, fixing a commission for the collection of taxes in excess of 90% of the total taxes due, and providing that such commission shall be paid in addition to salary, is embodied in Ga. L. 1937-38, Ex. Sess., p. 297, as amended by Ga. L. 1939, p. 370; Ga. L. 1951, p. 815; Ga. L. 1955, p. 176; and Ga. L. 1960, p. 107 (*Code Ann.* § 92-5304). The local statute, consolidating the offices of Whitfield County tax collector and tax receiver into that of tax commissioner and fixing the total compensation of that office at a specified salary, is Ga. L. 1960, p. 2019.

The relationship between such general law and a local statute similar to the Whitfield County one was involved in *Laurens County v. Keen,* 214 Ga. 32 (102 SE2d 697), which we deem decisive here.

There, a local law consolidating the offices of Laurens County tax collector and tax receiver into that of tax commissioner and providing for compensation of salary only was enacted in 1952, at which time the general law provided the commission heretofore referred to and stated that tax collectors or tax commissioners on a salary were to be paid such commission in addition to the salary. Mr. Keen, the tax commissioner, claimed commissions, as provided by the general law, for the years 1953, 1954, 1955 and 1956. He contended that the 1952 local Act, which restricted his compensation to salary only, violated the provision of our State Constitution requiring uniform operation of general laws and prohibiting enactment of a special law where provision had been made by a general law.

This court rejected that contention. It held that such constitutional provision (Art. I, Sec. IV, Par. I; *Code Ann.* § 2-401) must be construed in connection with two others, Art. XI, Sec. I, Par. VI (*Code Ann.* § 2-7806), which authorizes the General Assembly to consolidate the offices of tax receiver and tax collector into that of tax commissioner and to ". . . fix his compensation without respect to uniformity," and Art. XI, Sec. II, Par. II (*Code Ann.* § 2-7902), which provides that county officers may be on "a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law." It concluded that such construction showed a ". . . clear intent that the offices of tax receiver and tax collector in any county of this State might be consolidated, and the compensation of such office be fixed in such manner as might be provided by the General Assembly." P. 34. The 1952 local Act was held valid and, on the basis of it, the commissions claimed for the years 1953 and 1954 were denied.

However, as to the claims for the years 1955 and 1956, a different result—which we deem controlling here—was reached because of a 1955 Act (Ga. L. 1955, p. 176). By that Act the General Assembly had amended the general law and expressly

continued it in force, again reciting that "In those counties where the tax collector or tax commissioner is paid on a salary basis, the commission provided for herein shall be paid to the tax collector or tax commissioner in addition to the said salary." This court held that by virtue of that 1955 Act "The Tax Commissioner of Laurens County is entitled to 10% commission on all taxes collected in excess of 90% of the net tax digest, for the years 1955 and 1956, and all subsequent years until the Act of 1955 is modified or repealed in the manner provided by law." (Headnote 6.) Thus, since the 1952 local Act and the 1955 general Act were in conflict as to the allowance of a commission in addition to salary, the later Act was held to govern.

In the case at bar the statutory situation is analogous to that as to the years 1955 and 1956 in the *Keen* case.

By an Act approved January 27, 1960 (Ga. L. 1960, p. 2019), the General Assembly consolidated the two tax offices of Whitfield County into that of tax commissioner, fixed the salary at a specified amount and provided that "all commissions, fees, emoluments and all other compensation allowed to the Tax Receiver and Tax Collector . . . shall be the property of" that county, making the Act effective as of January 1, 1961, conditioned upon a favorable referendum vote, which resulted. But, by an Act approved subsequently, on February 12, 1960 (Ga. L. 1960, p. 107), the general law was amended and re-enacted, again reciting that "In those counties where the tax collector or tax commissioner is paid on a salary basis, the commissions provided for herein shall be paid to the tax collector or tax commissioner in addition to the said salary."

Thus, in the case before us, as in the *Keen* case, 214 Ga. 32, supra, the tax commissioner's compensation was first, by the local Act creating the office, a fixed salary so as to deny him the commissions provided by the general law as it then existed. Also, both here and there, the General Assembly, subsequently to the local Act, re-enacted such general law, expressly granting the commissions in addition to salary in those counties where the tax official is paid a salary.

These two statutes, the local (Ga. L. 1960, p. 2019) and the general (Ga. L. 1960, p. 107), were enacted at the same session

of the General Assembly. Their provisions as to compensation of this tax commissioner are in irreconcilable conflict. Therefore, the Act approved February 12, 1960 (Ga. L. 1960, p. 107), being the latest expression by the General Assembly upon the subject, must, under the *Keen* case, 214 Ga. 32, supra, prevail.

The judgment denying the commission for the year 1961 was erroneous. Therefore, the judgment of the Court of Appeals, affirming such denial, is

*Reversed. All the Justices concur.*