### 40822. HOFFMAN INTERNATIONAL CORPORATION v. OVERSTREET.

PANNELL, Judge. 1. The Act approved February 14, 1951 (Ga. L. 1951, p. 2401 et seq.) establishing the Civil Court of DeKalb County, provided for monthly terms and, in addition to other matters, gave that court jurisdiction "as to subject matter now exercised by justices of the peace and justice courts in Georgia throughout DeKalb County," and other types of cases, and "among others, attachments and garnishment proceedings . . ." and provided that in said court "the practice and procedure shall be and remain the same as that now in vogue in the justice courts in Georgia, except as otherwise herein provided." There are no other provisions of said Act affecting the procedure in garnishment cases. Section 13 of that Act relating to default judgments is not applicable to garnishments. See *Payne v. Alterman,* 42 Ga. App. 663 (2) (157 SE 121); *Brandon-Bond-Condon v. Swift & Co.,* 50 Ga. App. 254 (2) (177 SE 832).

It, therefore, appears that the procedure in justice of peace courts on February 14, 1951, is controlling in the instant case upon an appeal from the overruling of a motion to strike the answer of a garnishee, which answer was filed more than 70 days after the service of the summons of garnishment in a case in that court.

2. In the absence of provisions as to the manner of proceeding against a garnishee in the Act of 1869 regulating proceedings

before justices of the peace under the Constitution of 1868, the Supreme Court of this State held that § 3228 of the Code of 1868 (Act approved March 4, 1856, Ga. L. 1855-6, p. 29; Code of 1933, § 8-506, prior to the amendment of 1962, Ga. L. 1962, p. 717, § 6, p. 721), was applicable to justices' courts. *Scott v. Patrick,* 44 Ga. 188 (1).

3. The Act of 1873 (Ga. L. 1873, pp. 47, 48; Code of 1873, § 4161) made provisions for justice courts by providing for the filing of an answer by a garnishee on the 10th day after the service of the summons. Under this statute an answer filed after the 10 days was subject to dismissal on motion, *Farley v. Bloodworth & McDowell,* 66 Ga. 349, even though the justice, while not in court orally informed garnishee that he had a longer time in which to file the answer (id.) and "whether the summons specifies that he shall answer within that time or not." *Hern v. Adamson,* 64 Ga. 608.

4. The Act of 1880 (Ga. L. 1880, p. 56) amended the Act of 1873, in view of the provisions of the Constitution of 1877 that justices of the peace shall sit monthly at fixed times and places (Code of 1933, § 2-3502), and said Act constitutes § 46-701 of the Code of 1933, which reads as follows: "When a process of garnishment shall be sued out, returnable to any justice's court and served upon the garnishee, it shall be the duty of the garnishee to answer at the term to which the garnishment shall be made returnable. In case of failure so to answer, *the justice of the peace shall enter a default against the garnishee,* and shall enter judgment against the garnishee for such an amount as may have been obtained by judgment against the defendant or for such amount as may be recovered in the pending suit. After judgment obtained, and when the garnishee shall appear and answer that he is indebted to or has effects in his hands belonging to the defendant, the court shall proceed as prescribed in section 8-504." (Emphasis supplied). In *Jarrell v. Guann,* 105 Ga. 139 (1) (31 SE 149), a case decided under the Constitution of 1877 and after the Act of 1880, the Supreme Court of this State held that § 4551 of the Code of 1895 (Code of 1933, § 8-506, prior to the amendment of 1962) which permitted the garnishee to answer at the second term or any time before judgment, *Owen v. Moseley,* 161 Ga. 62, 64-65 (129 SE 787) was not applicable to justice courts, and that "It is therefore seen that, under the very terms of the statute [*Code* §

46-701], after judgment has been obtained against the principal debtor, the justice of the peace has not only the right, but it is his duty, to enter a judgment by default against a garnishee who fails to answer at the term to which the summons is returnable."

5. The procedure in justice's courts thus not providing for an automatic default after the Act of 1880, but that the justice enter a default against the garnishee upon failure to answer within the required time, it appears that upon application of cases decided upon similar principles, *Gordon v. Hudson,* 120 Ga. 698 (48 SE 131), *Chambless v. Livingston,* 123 Ga. 257 (1) (51 SE 314), *Buttersworth v. Swint,* 53 Ga. App. 602 (186 SE 770), an answer of the garnishee could be filed at any time before such entry of default; and while an entry of default might be presumed in cases where an answer has been dismissed, on the theory of a presumption in favor of the ruling of the court below, *Norman & Harrell v. Great Western Tailoring Co.,* 121 Ga. 813 (3) (49 SE 782), such rule is conversely applicable in the present case where the trial court overruled the motion to dismiss the answer of the garnishee. And, it not appearing from the record that an entry of default was made, it will, upon the same principle, be presumed that no such entry was made in order to support the ruling of the trial court.

6. The Act approved March 7, 1962 (Ga. L. 1962, p. 717) was "An Act to clarify the procedure in garnishment and garnishment in attachment cases, so as to conform it, insofar as possible, to the procedure prevailing in ordinary civil cases; to amend Code section 46-105, relating to service and return of garnishments so as to redefine the appearance day thereof; to amend Code section 46-601, relating to garnishments on judgments obtained in the court of ordinary, so as to redefine the appearance day thereof; to amend Code section 46-603, relating to garnishments in different courts, so as to redefine the appearance day thereof; to amend Code section 8-503, relating to garnishment in attachment upon persons residing out of the county, so as to redefine the appearance day thereof; to amend Code section 8-505, relating to traverse of the answer, so as to prescribe the time of filing and trial thereon; to amend Code section 8-506 of the Code, relating to proceedings where the garnishee fails to answer, so as to provide for judgments by default; to amend Chapter 46-4,

relating to dissolution, claims and judgment, by adding a new section, section 46-408, defining the procedure relative to dissolution, traverse and claims; to repeal conflicting laws; and for other purposes." Prior to this Act return terms for the filing of pleadings in ordinary civil actions had been abolished in the superior courts and appearance days substituted therefor, and as stated in the title above quoted, the purpose of the Act of 1962 was to conform garnishment procedure to the appearance day concept. However, the Act of 1962 did not affect the practice in justice courts, which still required the garnishee to answer at the first term after 10 days from service of the summons of garnishment, and the various Code sections as amended left these provisions as to justice courts the same, that is, with a return term instead of an appearance day. Section 46-701 of the Code of 1933, requiring the justice to mark the case in default and to render judgment at the first term upon the failure of the garnishee to answer, was not repealed or amended expressly by the Act of 1962; and the provisions of *Code* § 8-506, as amended by said Act, which provides that the plaintiff in a justice's court shall be entitled to judgment at the first term, not being in conflict with § 46-701, there is no repeal by implication.

It follows, therefore, that even if the above Act of 1962 were applicable to the Civil Court of DeKalb County by reason of the amendment to the Act establishing the Civil Court of DeKalb County approved several days prior to the above Act (Ga. L. 1962, p. 3227), and which re-enacted the phrase, "and the practice and procedure shall be and remain the same as that now in vogue in the justice courts," by "up-dating" the same, *Laurens County v. Keen,* 214 Ga. 32 (6) (102 SE2d 697), *Clark v. Kaylor,* 219 Ga. 256 (132 SE2d 778), *Atkinson v. Swords,* 11 Ga. App. 167 (2) (74 SE 1093), there would be no difference in the result in the present case, there being no change in the practice in justice courts relating to garnishments between the Act of 1951 establishing said court and the 1962 amendment thereto.

7. Upon application of the foregoing principles to the present case, it must be held that the trial court did not err in its refusal to dismiss the answer of the garnishee.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 9, 1964—ADHERED TO ON REHEARING DECEMBER 1, 1964.

*Sherman C. Fraser, Jr., Marvin P. Nodvin,* for plaintiff in error.
*Edward D. Wheeler,* contra.