42680.   CAMPBELL v. HUNT.

Argued April 3, 1967—Decided April 21, 1967—Rehearing
denied May 3, 1967.

*James H. Harmon, Abe Crosby, Jr.,* for appellant.
*Wisse & Kushinka, George Kushinka,* for appellee.

HALL, Judge.   The charter of the City of Warner Robins
provides: "If any person shall desire to contest any election held
under and by virtue of this Act, said contest shall be held, and

notice thereof given, as is now provided for contest of elections for county officers in this State." Ga. L. 1943, pp. 1624, 1629, approved March 5, 1943.

In 1943 the law provided that contest of election of county officers should be held in accordance with proceedings set out in Chapters 34-28 and 34-30 of the Georgia Code, with contest of election of municipal officers being heard and determined by the ordinary of the county wherein such contest arose. *Code* § 34-3001. Those chapters were specifically repealed by the Georgia Election Code enacted in 1964 (Ga. L. 1964, Ex. Sess., p. 26; *Code Ann.* § 34-2001) and replaced by new provisions for contest of election of county officers, placing jurisdiction of the proceedings in the superior courts. Ga. L. 1964, Ex. Sess., pp. 26, 177 (*Code Ann. Ch.* 34-17). The new Election Code does not apply to any municipal primary or election. Ga. L. 1964, Ex. Sess., pp. 26, 28 (*Code Ann.* § 34-102).

In the present case the plaintiff followed Ch. 34-17 of the 1964 Election Code, supra, which was clearly not authorized. Ga. L. 1964, pp. 26, 28 (*Code Ann.* § 34-102).

The plaintiff contends that the 1943 charter provision that a city election contest shall be held as is now provided for contest of county elections operated in 1964 to substitute for the proceedings then provided for contest of county elections (*Code Chs.* 34-28 and 34-30) the new proceedings for contest of county elections (*Code Ann. Ch.* 34-17). For two reasons we disagree with this contention. First, we are of the opinion that, in using the words "as is now provided" in the provision for contest of elections in the 1943 statute establishing the charter of the City of Warner Robins, the legislature intended to adopt the proceedings provided for contest of elections for county officers existing on March 5, 1943, when the charter became effective, and did not intend to adopt changes that might thereafter be made in the general law governing contest of elections for county officers. *Hoffman International Corp. v. Overstreet,* 110 Ga. App. 752 (140 SE2d 79); Tillamook City v. County Court of Tillamook County, 56 Ore. 112, 115 (107 P 482); Darmstaetter v. Maloney, 45 Mich. 621 (8 NW 574); Petition of Easby, 326 Pa. 511 (192 A 646). "The word 'now' has a fixed and

definite meaning. It signifies 'at the present time', at a time contemporaneous with something done." Tillamook City v. County Court of Tillamook County, supra. Second, the 1964 statute specifically provides that it shall not apply to municipal elections. *Code Ann.* § 34-102.

Our opinion is consistent with the following summary from legal texts.

Statutes adopting provisions of existing statutes, such as the charter of the City of Warner Robins, supra, have been called "reference statutes" by courts and legal writers who have analyzed decisions involving such statutes. The question whether one statute adopting provisions of another by reference will be affected by amendment or repeal of the adopted statute is one of legislative intent and purpose. 82 CJS 847, § 370. A specific reference statute (referring specifically to a particular statute by its title or section number) incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, and unless the legislature has expressly or by strong implication shown its intention to the contrary, subsequent amendment or repeal of the referred statute will have no effect on the reference statute. A general reference statute (referring to the law of a subject generally) adopts the law on the subject as of the time the law is invoked. This will include all amendments and modifications of the law subsequent to the time the reference statute was enacted. 2 Sutherland, Statutory Construction 547-550, §§ 5207, 5208; 82 CJS 848, § 370; 50 AmJur 58, § 39 (Supp. p. 6); Anno. 168 ALR 627.

The use of the word "now" in the adopting statute may in some instances change the rule. The adoption in a special or local law of the provisions of a general law does not carry with it the adoption of changes afterward made in the general law. 50 AmJur 58 (Supp. p. 6) § 39; 168 ALR 627, 634, 635.

The trial court did not err in sustaining the general demurrer and the plea to the jurisdiction.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*