46094.   COLEMAN v. CLAYTON COUNTY.

ARGUED APRIL 7, 1971—DECIDED MAY 7, 1971.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.*, for appellant.

*John R. McCannon, Glaze & Glaze*, for appellee.

EVANS, Judge. The Supreme Court of Georgia has heretofore decided that in certain instances tax commissioners may be entitled to commissions in addition to salary. See *Laurens County v. Keen*, 214 Ga. 32 (102 SE2d 697) and *Clark v. Kaylor*, 219 Ga. 256 (132 SE2d 778).

In 1955 the General Assembly enacted a general statute (Ga. L. 1955, p. 176, amending an Act amending *Code* § 92-5301 by adding additional sections (see *Code Ann.* § 92-5304)) providing for remuneration for tax commissioners of 10% of all taxes collected in excess of 80% and also 10% in excess of 90% of the total taxes due according to the net tax digest, provided the governing authorities of a county promulgated an appropriate resolution to authorize said commissions in regard to the 10% of all taxes collected in excess of 80% of the total taxes due according to the net tax digest. Plaintiff contends such a resolution was adopted in Clayton County, and this law applies to his situation at all times from 1960 through 1968.

But there are certain other general Acts and special Acts to be

considered in order to make a determination of the issues here, which Acts operate directly with reference to this matter. These Acts are:

1. Georgia Laws 1957, pp. 2775-2777, authorizing the payment of a stated salary to the Clayton County Tax Commissioner *in lieu of all commissions, fees, or charges* of any kind whatsoever *except commissions on taxes collected in excess of a certain percent of the taxes due;*

2. Georgia Laws 1960, p. 2266, changing the compensation of the Tax Commissioner of Clayton County by giving him a salary increase but *providing that he would not be entitled to the commissions on taxes collected in excess of certain percentages of the taxes due;*

3. Georgia Laws 1961, p. 3154, changing the compensation by reducing the salary, *but again specifically stating that he would not be entitled to the commission on taxes collected in excess of the taxes due;*

4. Georgia Laws 1963, p. 2153, again changing the compensation of the Tax Commissioner of Clayton County by increasing the salary to $12,000, and providing that in the event he should receive any other compensation from the State of Georgia, or any political subdivision other than Clayton County, this salary would be reduced by the sum of any such fees and compensation, in order that the salary herein fixed shall be the total compensation received by the said tax commissioner in lieu of all commissions, fees, or charges of any kind whatsoever heretofore or hereafter received by said tax commissioner;

5. Georgia Laws 1965, p. 626, amending *Code* § 92-5301, providing, inter alia, that *tax commissioners shall not be entitled to commissions on taxes collected in excess of a certain percentage* where the tax commissioner's salary is $8,000 or more.

It thus appears, after considering the above Acts, that the salary Acts of 1960, 1961, and 1963, supra, were in effect for the years 1960 (Act of 1960, supra), 1961 and 1962 (Act of 1961 supra), and from 1963 through 1968 (Act of 1963, supra), and the 1963 Act is still in effect. From an examination of the above Acts, the Tax Commissioner of Clayton County would not be entitled to the commissions on taxes collected in excess of certain percentages

of the taxes due, according to the net tax digest, for the years here claimed, regardless of whether or not the Commissioner of Roads and Revenues of Clayton County had approved, by appropriate resolution, such remuneration to the Tax Commissioner of Clayton County prior to 1960.

Counsel for the appellant admits that the funds paid into court are derived from 1968 tax collections and that he seeks to impress a lien upon them, and that he has voluntarily paid into Clayton County all taxes collected by him for past years. Whether or not the lower court was correct in holding that the plaintiff, having voluntarily paid all taxes collected by him for the years 1960 through 1968 to the county, and had thereby voluntarily relinquished any claim for same under *Code* § 20-1007, the court did not err in denying the declaratory judgment, and in dismissing the plaintiff's petition, since the above laws show clearly that he was not entitled to the commissions claimed, regardless of whether or not, in the event he had such a claim, he could impress a lien on the 1968 taxes here paid into court by him.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*