## 49325. MEDICAL ASSOCIATION OF GEORGIA v. JOINT CITY OF ATLANTA-COUNTY OF FULTON BOARD OF TAX ASSESSORS. .

QUILLIAN, Judge.

This matter was brought to the Fulton Superior

Court on an appeal entered by the Joint City of Atlanta-County of Fulton Board of Tax Assessors (appellee) from an award of arbitrators entered May 17, 1973, fixing the value of property belonging to the Medical Association of Georgia (appellant), such property being located in Atlanta, Georgia. Appellant filed a motion to dismiss the appeal to the superior court and the motion was overruled. From that order (and a certificate of review) this appeal is taken. *Held:*

The appellant contends that the applicable laws do not provide for an appeal from an arbitration award entered after assessment by the appellee.

Appellee was created pursuant to Ga. L. 1952, p. 2825. The original Act did not provide, by its terms, for arbitration or by review of the superior court in the county where the property assessed was located. There were several amendments to this Act between 1952 and 1958 which are not relevant here. In 1958 the Act was amended as follows: "Section 1. In connection with the equalization of assessments, the joint city-county board of tax assessors shall have all the power and authority provided by Title 92, Chapter 69, Code of Georgia, as amended, which said chapter relates to the equalization of assessments by county board of tax assessors. The particular sections which are adopted as applicable are as follows: . . . Section 92-6912. Relating to arbitration." Ga. L. 1958, p. 3390.

Code § 92-6912, as amended (Ga. L. 1958, p. 387), at that time made no provision for appeal from the award of the arbitrators to the superior court or elsewhere. In 1969, Code § 92-6912 was amended to provide for an appeal to the superior court. Ga. L. 1969, p. 942. Subsequently, Ga. L. 1972, p. 1094, repealed "Section 92-6912 of the Georgia Code of 1933," and substituted the 1972 Act as Section 92-6912. The 1972 Act established a county board of equalization to which appeals from assessments by the board of tax assessors might be taken and the Act further provided that appeals could be taken from the board of equalization to the superior court. See Ga. L. 1973, pp. 709, 710, amending the 1972 Act.

In *Campbell v. Hunt,* 115 Ga. App. 682 (155 SE2d

682), this court considered "reference statutes" and the question of whether a statute adopting provisions of another by reference will be affected by amendment or repeal of the adopted statute. After pointing out that this involves legislative intent and purpose this court held: "A specific reference statute (referring specifically to a particular statute by its title or section number) incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, and unless the legislature has expressly or by strong implication shown its intention to the contrary, subsequent amendment or repeal of the referred statute will have no effect on the reference statute." P. 684. See *Featherstone v. Norman,* 170 Ga. 370, 394 (153 SE 58); *Johnston v. State,* 227 Ga. 387, 392 (181 SE2d 42); 82 CJS 847, Statutes, § 370; 50 AmJur 58, Statutes, § 39; Anno., 168 ALR 627.

The rule set forth in the *Hunt* case, supra, is applicable here where the 1958 Act specifically referred to Code § 92-6912. The appellee contends that the language "as amended" evinces an intent on the part of the legislature that subsequent amendatory Acts be included. This language does not amount to an expressed intention or even a strong implication that the legislature meant to include subsequent modifications of Code § 92-6912. Instead the language is more susceptible to the conclusion that reference was being made to the amendments to Code Ch. 92-69 after its codification and up until the 1958 Act.

We therefore hold that the 1958 Act adopted the Code section in question only as it was constituted at that time and did not include future amendments. Hence, there was no authorization for the instant appeal to the superior court and the trial judge erred in so holding.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 6, 1974 — DECIDED JUNE 20, 1974.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellant.

*Webb, Parker, Young & Ferguson, Guy Parker,*

*Charles M. Lokey,* for appellee.