Dear Senator Dirck:
This opinion is in response to your question asking as follows:
 Does Section 71.015, RSMo, as amended by House Bill 1110 apply to cities located in St. Louis County?
You also state:
 The General Assembly enacted House Bill 1110 which, among other things, amended Section 71.015 in its entirety. Section 71.015 as amended by House Bill 1110 states specifically as follows: `Should any city, town, or village, not located in any first class county which has adopted a constitutional charter for its own local government . . .'
 However, Section 71.860 states as follows: `The provisions of Section 71.015 shall apply as well to all cities, towns, villages and municipalities of whatsoever kind, located in any first class county which has adopted a constitutional charter for its own local government, except as provided in Section 71.920.'
 There appears to be ambiguity as to whether or not Section 71.015 applies to cities in St. Louis County.
The changes to which you refer in § 71.015 came about as a result of Senate Substitute for House Bill No. 1110, 2nd Regular Session, 80th General Assembly. As passed and signed by the governor on May 13, 1980, with an emergency clause, § 71.015 provides in pertinent part:
 Should any city, town, or village, not located in any first class county which has adopted a constitutional charter for its own local government, seek to annex an area to which objection is made, the following shall be satisfied:
. . . .
Section 71.860, RSMo, which was enacted in 1963 and has remained unchanged since that time, provides:
 The provisions of section 71.015
shall apply as well to all cities, towns, villages and municipalities of whatsoever kind, located in any first class county which has adopted a constitutional charter for its own local government, except as provided in section 71.920.
The problem is obviously that § 71.015, RSMo 1978, was repealed and replaced by § 71.015 of SSHB No. 1110, which expressly and clearly excludes from its application any city, town, or village, located in any first class county which has adopted a constitutional charter for its own local government. Nothing in that section in any way purports to preserve any application to cities, towns, and villages in first class charter counties. It therefore seems clear that present § 71.015 has no application to cities, towns, and villages, or municipalities of whatever kind located in first class charter counties.
However, there is clear authority for the view that, under the circumstances presented, the § 71.015 referred to in § 71.860 is § 71.015, RSMo 1978, which was enacted in 1953 and which was in existence at the time of the enactment of § 71.860 in 1963. See, City of Warrensburg v. Board of Regentsof Central Missouri State University, 562 S.W.2d 340
(Mo. banc 1978); Medical Ass'n v. Joint City of Atlanta-Countyof Fulton Board of Tax Assessors, 207 S.E.2d 673 (Ct.App. Ga. 1974); 73 Am.Jur.2d, Statutes, 29.
Therefore, it is our view that the legislature did not intend to void the provisions of § 71.860, and that § 71.015, RSMo 1978, as it existed prior to amendment, remains applicable to cities, towns, and villages in first class charter counties.
CONCLUSION
It is the opinion of this office that § 71.015, SSHB No. 1110, 80th General Assembly, is not applicable to cities, towns, or villages located in first class charter counties. The provisions of § 71.860, RSMo, refer to repealed § 71.015, RSMo 1978, which still applies to cities, towns, or villages in first class charter counties.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General