## 28332. GRACE v. CALDWELL.

UNDERCOFLER, Justice. This appeal is from the judgment of the habeas corpus court remanding the applicant to the custody of the respondent warden. *Held:*

1. The appellant contends that the trial court erred in his finding that: he intelligently and knowingly agreed to his attorney's proposals waiving an appeal, that a modified sentence could legally replace an appeal, and that his attorney was not made aware of his desire to appeal.

The trial court found the following facts: "In July 1971, Mr. Grace was convicted of three counts of armed robbery in a jury trial held in the Houston Superior Court. According to the testimony of both Grace and Joneal Lee, this court-appointed trial counsel, Grace was initially sentenced to consecutive terms of ten years each on the first two counts and a consecutive fifteen-year term on the third, making an aggregate thirty-five-year term. Lee explained, however, that soon after the trial the trial judge modified Grace's sentence by ordering the sentence on count two to be served concurrently with that on count one, thereby

reducing the total sentence to twenty-five years. Concerning the alleged denial of appeal, I find that after the trial, but before Grace's sentence was modified, Grace and Lee had a conversation about filing an appeal. In the course of that conversation Lee advised Grace of possible grounds for appeal but also made him understand that a successful appeal might only result in a new trial in which Grace might suffer a more severe sentence. As an alternative, Lee proposed an attempt to have Grace's sentence modified in the manner described above. Based on Lee's testimony, I find that Grace agreed to that course of action and also agreed that if his sentence were ultimately reduced he would not file an appeal. Although the petitioner's Exhibit No. 1 indicates that on August 19, 1971, within the thirty-day period in which appeal could have been filed, Grace wrote Lee a letter inquiring about the status of his case, Lee's testimony regarding that exhibit made it apparent that there was nothing about Grace's inquiry which would have manifested a desire to countermand his prior decision not to appeal if his sentence were modified. Consequently, I find that even if Grace did decide to appeal without regard to any sentence modification, Lee was never made aware of that decision. The responsibility for any failure to file an appeal in Grace's case therefore rested with Grace himself, not his attorney." The findings of fact of the habeas corpus court are amply supported by the evidence and the contentions of the appellant are without merit.

2. The appellant contends that he received improper advice from his attorney to the effect that if he appealed and were granted a new trial, he might receive a more severe sentence at a new trial and that this would violate his rights under the Eighth and Fourteenth Amendments to the United States Constitution. There is no merit in this contention. In Chaffin v. Stynchcombe, 412 U. S. 17, 27 (93 SC 1977, 36 LE2d 714) the United States Supreme Court has held that the imposition of a higher sentence by a jury upon retrial does not violate the Constitution unless the increased punishment can be shown to be the product of vindictiveness.

3. The appellant contends that his request for counsel during the habeas corpus hearing should have been granted. There is no merit in this contention. "An application for the writ of habeas corpus is not a criminal proceeding, and neither the Sixth Amendment of the Constitution of the United States nor Art. I, Sec. I, Par. V (Code Ann. § 2-105) of the Georgia Constitution

requires the appointment of counsel for the petitioner." *Wallace v. Ault,* 229 Ga. 717 (2) (194 SE2d 88).

4. The appellant had filed a pauper's affidavit in the habeas corpus court and he now contends that it was error for the trial court to require him to pay the court costs.

Code Ann. § 24-3413 provides: "When any party, plaintiff or defendant, in any suit at law or proceedings in the superior courts . . . shall be unable to pay any deposit, fee or other costs which may normally be required in such court, if such party shall subscribe an affidavit to the effect that from poverty he is unable to pay these costs, such party shall be relieved from paying such costs and his rights shall be the same as if he had paid such costs. Any other party at interest, or his agent or attorney, may contest the truth of such pauper's affidavit by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." Ga. L. 1955, p. 584.

The ruling of the trial court on all issues of fact concerning the ability of a party to pay costs or give bond is final under the provisions of this law and is not subject to review. *Tootle v. Player,* 225 Ga. 431 (4) (169 SE2d 340).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from the ruling made in Division 3 and from the judgment of affirmance.*

SUBMITTED OCTOBER 10, 1973 — DECIDED NOVEMBER 9, 1973.

Richard Thomas Grace, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David J. Bailey, Assistant Attorneys General,* for appellee.