## 52971. MARK TRAIL CAMPGROUNDS, INC. v. FIELD ENTERPRISES, INC.

SMITH, Judge.

The appeal in this case was upon a paupers affidavit executed by a corporate official. Appellee seeks a dismissal of the appeal "on the ground that no proper showing has been made that the appeal should proceed in *forma pauperis*" and contends that since a Georgia law requires a minimum capitalization of $500 and there is no showing that the capital has been exhausted, a proper showing has not been made.

1. The truth of a paupers affidavit must be attacked in the court below, not in this court. See Section 9 of the Appellate Practice Act as amended (Ga. L. 1965, pp. 18, 23; 1966, p. 723; Code Ann. § 6-1003).

2. The only enumeration of error reads as follows:

"The Court erred in passing, signing, and causing to be entered the order and judgment appealed from [R-59], which undertook to dismiss the appellant's case upon the alleged bases of res judicata as to defendant, Field Enterprises, Inc., and of collateral estoppel as to the individual defendant, Ed Dodd, without affording any hearing to appellant or opportunity to it to be heard, five (5) days before the case was set upon the calendar for trial upon the merits."

The appellant's contention of lack of opportunity to be heard is not substantiated by the record. The order of the trial judge reads as follows:

"The above and foregoing matter came on before this Court for hearing on defendants' motion to dismiss, based on res judicata insofar as defendant, Field Enterprises, Inc., was concerned and collateral estoppel, as related to the individual defendant, Ed Dodd. At the time of the hearing, it was brought to the attention of the Court that the same cause of action was pending in the United States District Court, with the exception of the defendant, Ed Dodd, being omitted in the Federal action, but with the same issues involved.

"For this reason, the Court withheld ruling on defendants' motion, pending determination and the resulting outcome in the Federal Court. The Court has

received a certified copy of documents showing the finality of the action in the United States District Court, and said documents and record form the bases of this Court's final determination.

"It is hereby considered, ordered and adjudged, without necessity of further hearing, that the issues have been litigated and brought to a conclusion in the United States District Court, and that the matter is res judicata, insofar as the defendant, Field Enterprises, Inc., is concerned, and that the matter has been collaterally determined, as related to the individual defendant, Ed Dodd, and that the plea of collateral estoppel on behalf of this defendant should be sustained, the motion of defendants to dismiss is sustained by this Court, and this case is ordered dismissed."

It appears from this order that a hearing was had but a decision withheld pending the adjudication of a case in federal court upon which the decision of res judicata and estoppel by judgment was based. The burden of showing harmful error is on the appellant, and this he must do by the record; it may not be done by assertions appearing only in his brief or in his enumeration of error. *Jenkins v. Bd. of Zoning Appeals of City of Columbus*, 122 Ga. App. 412 (2) (177 SE2d 204); *Airport Associates v. Audioptic Instructional Devices*, 125 Ga. App. 325 (2) (187 SE2d 567). Not only has the appellant failed to sustain his contention of lack of a hearing by the record but the record itself shows to the contrary. Under these circumstances, the judgment must be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED DECEMBER 1, 1976 — ▇▇▇▇▇▇▇

*Carl B. Seamans, Henry M. Henderson,* for appellant.

*Paul L. Hanes, Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Edward E. Bates, Jr.,* for appellee.