68979. D'ZESATI v. POOLE et al.
(329 SE2d 280)

DEEN, Presiding Judge.

By Order dated June 20, 1984, an extension of time of thirty days was granted the appellant, Eileen Bradley D'Zesati, to file a brief in the above-captioned appeal. By the same Order, the appellant's request that her case be transferred to the Federal Court was denied.

The appellant has also filed with this Court her "Motion for Leave to Proceed in Forma Pauperis." The trial court denied the same motion made by the appellant below, stating in its Order that her affidavit "shows on its face that [appellant] is not a pauper in

that she owns property approximately valued at $49,950.00." Presumably, it is from this order that D'Zesati now appeals.

The proper forum for determining the truth of a pauper's affidavit is in the trial court, not in this court. See *Mark Trail Campgrounds v. Field Enterprises*, 140 Ga. App. 608 (1) (231 SE2d 468) (1976). See also OCGA § 5-6-47 (b). The trial court's ruling on all issues of fact concerning the ability of a party to pay costs is final, OCGA § 9-15-2, and not subject to review. *Grace v. Caldwell*, 231 Ga. 407, 409 (4) (202 SE2d 49) (1973); *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 499 (265 SE2d 845) (1980). Further, in this case the trial court's holding was supported by evidence of appellant's assets. See generally *Whitus v. Caldwell*, 229 Ga. 604 (193 SE2d 613) (1972); *Tootle v. Player*, 225 Ga. 431, 433 (4) (169 SE2d 340) (1969).

It appears that the court below ruled on the appellant's motion without conducting a hearing, contrary to the provisions of OCGA § 9-15-2 (b). However, the hearing requirement of that Code section presupposes that a proper affidavit was filed by the party claiming indigency under OCGA § 9-15-2 (a). The purported affidavit of the appellant actually was invalid, as it did not contain a jurat.

"A signed statement of facts, purporting to be the statement of the signer, followed by the *certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit*." (Emphasis supplied.) *Phoenix Air Conditioning Co. v. Al-Carol*, 129 Ga. App. 386, 387 (199 SE2d 556) (1973). Further, " '[i]n the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with' other evidence. *Laurens County v. Keen*, 214 Ga. 32, 35 (102 SE2d 697). To make a valid affidavit the affiant 'must swear to it, and the fact of his swearing must be certified by a proper officer.' In Re Bennett, 233 FSupp. 423. 'In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.' *Carnes v. Carnes*, 138 Ga. 1, 6 (74 SE 785)." *Gruber v. Fulton County*, 111 Ga. App. 71, 77 (140 SE2d 552) (1965).

In short, no hearing on the matter of the appellant's claimed indigency was required, and the trial court's determination that the appellant was not a pauper is supported by the appellant's admission throughout the record that she owns real property valued at approximately $49,950. Accordingly, this court has no alternative but to affirm the judgment of the court below.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Carley and Benham, JJ., concur. McMurray, P. J., Sognier, Pope and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

OCGA § 9-15-2 (b) requires the trial court to hold a hearing before any action can be taken on a pauper's affidavit. The majority's opinion upholds the dismissal of appellant's affidavit on technical grounds not ruled on by the lower court and without a hearing by the lower court on the sufficiency of the affidavit. This method of disposition is fundamentally unfair to parties who turn to the procedure provided by OCGA § 9-15-2 as their only avenue of appeal and is contrary to the very purpose of the statute. I respectfully dissent.

I am authorized to state that Presiding Judge McMurray, Judge Pope and Judge Beasley join in this dissent.

BEASLEY, Judge, dissenting.

I agree with Judge Sognier's dissent.

Here is a litigant pursuing her cause on her own; possibly, because she is seeking to proceed in forma pauperis, she cannot afford an attorney. In the trial court she filed a document entitled "Affidavit in Support in Request to Proceed in Forma Pauperis." It contains all the appropriate language of an affidavit, and she signed it, but there is no jurat. In this "affidavit," she states among other things that she has not been employed since 1972, has no cash or checking or savings account, and in effect states that she has no source of income for herself and son except $202 social security benefits (presumably monthly). She answered "yes" to the question whether she "owned" any real estate, and that the home's approximate value was $49,950. However, whether or not it was paid for does not appear, and it is common knowledge that "homeowners" have mortgages. Above her signature, she "declare[s] under penalty of perjury that the foregoing is true and correct."

The trial court "read and considered" the situation and denied permission for leave to proceed in forma pauperis. No reason was initially given for the denial, but it is clear that the court took account of the "affidavit" and waived its defect. The amendment to the order demonstrates this. If the court did not overlook or allow oral cure of the defect, why else would the court have ruled at all?

If it had regarded the "affidavit" as defective in the manner found by this court, no doubt it would have said so, bottoming the denial on the lack of a jurat, or it would have not ruled at all because there was nothing to rule on without a sworn affidavit. If the court had done the former, the pro se litigant could have then corrected the absence of a jurat.

Instead, the court issued an order showing a ruling on the merits, the effect of which prevented correction and a proper ruling on whether she was or was not a pauper.

The Georgia Bill of Rights guarantees access to the courts to its

citizens by attorney or pro se. 1983 Georgia Constitution, Art. I, Sec. I, Par. XII. It should not be denied in the circumstances here. The court below erred when it ruled on the merits of an unsworn "affidavit."

It appearing on the face of the record that the ruling was on the question of indigency and without a hearing pursuant to OCGA § 9-15-2 (b), I would remand for reconsideration in light hereof, for the court had no authority to find "no indigency" when there was no hearing and no complete affidavit on which to hold a hearing or make such a finding.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 26, 1985.

Eileen Bradley D'Zesati, *pro se.*
R. *Wayne Pressley*, for appellees.