### 76381. SAYLORS v. EMORY UNIVERSITY.
(370 SE2d 625)

BANKE, Presiding Judge.

Saylors appeals the trial court's order dismissing his original notice of appeal pursuant to OCGA § 5-6-48 (c), based on an unreasonable and inexcusable delay in the transmission of the record to the appellate court resulting from his failure to pay the costs of preparing the record in a timely manner.

In 1983, Saylors sued the appellee, Emory University d/b/a Emory University Hospital, for malicious use and abuse of process based on Emory's conduct in causing his wages to be garnished. The case was tried before a jury in 1985, resulting in a verdict in favor of Saylors in the amount of $269.40. Believing the verdict to be insufficient, Saylors thereafter filed a motion for new trial, which was granted. Emory subsequently appealed that order to this court; but, in an unpublished opinion, that appeal was dismissed due to Emory's failure to file an enumeration of errors and brief after having been ordered to do so by the court. *Emory Univ. v. Saylors* (Case No. 72271, decided March 18, 1986).

Upon the return of the case to the lower court, Emory moved for and was granted summary judgment. Saylors filed a notice of appeal from that order on April 15, 1987. A bill for the costs of preparing the record, in the amount of $541 was received by Saylors' counsel on May 1, 1987. Approximately 45 days later, Saylors filed a cursory affidavit claiming indigency. Emory responded with a motion to dismiss the appeal, challenging the truthfulness of the affidavit and asserting that it was not timely filed. Saylors then filed a second affidavit of indigency and a brief in opposition to the motion to dismiss. Following a hearing, the trial court determined that Saylors was not indigent within the meaning of OCGA § 5-6-47 (a) but extended the time to

pay costs until October 23, 1987, further specifying that if costs were not paid by that date, Emory could renew its motion to dismiss the appeal. On October 29, 1987, Emory filed a second motion to dismiss based on Saylors' continued failure to pay costs. That motion was granted by the trial court on November 2, 1987, and this appeal followed. *Held*:

1. The appellant challenges the trial court's finding that he was not indigent within the meaning of OCGA § 5-6-47 (a). While acknowledging that, pursuant to OCGA § 5-6-47 (b) and OCGA § 9-15-2 (a) (2), the trial court's findings concerning indigency are not reviewable in cases where the affidavit of indigency has been traversed by an opposing affidavit, the appellant points out that no such language is contained in OCGA § 9-15-2 (b), which is applicable when the affidavit of indigency is not traversed, and argues that because no opposing affidavit was filed by the appellee in the present case, the trial court's findings with respect to his ability to pay costs are subject to review by this court.

We can conceive of no logical reason why an appellee's failure to submit an opposing affidavit as part of its challenge to an appellant's affidavit of indigency should have any bearing on the reviewability of the trial court's resolution of the issue. Such a distinction is certainly not supported by the case law. See *D'Zesati v. Poole*, 174 Ga. App. 142 (329 SE2d 280) (1985); *Columbus Foundries v. Moore*, 175 Ga. App. 387, 390 (333 SE2d 212) (1985). In any event, even assuming the reviewability of the trial court's findings on the indigency issue, we hold that those findings were supported by evidence, with the result that no abuse of discretion occurred. See generally *Gay v. City of Rome*, 157 Ga. App. 368 (1) (277 SE2d 741) (1981); *Young v. Climatrol &c. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976).

2. We reject the appellant's contention that he was denied due process of law by the trial court's action in issuing the dismissal order only four days after the appellee had renewed its motion to dismiss, without giving him an opportunity to respond. The appellant undisputedly was provided with ample notice following the filing of the original motion to dismiss, and an evidentiary hearing was thereafter conducted in full compliance with OCGA § 5-6-48 (c). In its initial order, the trial court made an express finding that the appellant was not indigent and that the delay in paying costs was consequently unreasonable and inexcusable. Although a dismissal of the appeal would have been authorized at that time, the trial court elected to extend the time for payment so as to give the appellant an *additional* opportunity to avoid a dismissal. Only as a result of the appellant's continued failure to pay costs did the trial court ultimately dismiss the appeal. As the appellant has advanced no reason why a second hearing might have led to a different result, we hold that the failure to hold

such a hearing establishes no ground for reversal of the dismissal order.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 5, 1988 —
REHEARING DENIED JUNE 8, 1988 —

*Curtis R. Richardson*, for appellant.
*J. M. Hudgins IV, T. Jeffrey Lehman*, for appellee.