A97A1546, A97A1547. POYTHRESS et al. v. SAVANNAH AIRPORT COMMISSION; and vice versa.
(494 SE2d 76)

SMITH, Judge.

Lilly and John Poythress brought suit against the Savannah Airport Commission to recover damages for injuries resulting from Lilly Poythress's fall on a handicapped access ramp at the Savannah Airport. The trial court granted the commission's motion for summary judgment. In the main appeal, the Poythresses appeal from that ruling. In the cross-appeal, the commission appeals from the trial court's denial of its motion to dismiss the Poythresses' appeal, made on the ground that costs were not timely paid. We find that the trial court ruled correctly on both motions and affirm.

The record shows that the Poythresses came to the airport at about 10:00 p.m. to pick up a relative. It was Mrs. Poythress's first visit to the new airport. The Poythresses parked their car and walked towards the terminal arm in arm. They deliberately chose to use a handicapped access ramp to move from the parking lot to the side-

walk. Mrs. Poythress testified at her deposition that she was "lazy" and wished to avoid having to step up. Mrs. Poythress tripped on the ramp's incline and fell.

The trial court found that the plaintiffs had not shown the commission was negligent because no evidence was presented that the ramp was defective; Mrs. Poythress simply tripped on the incline that was part of the ramp's design. The court agreed with the commission that Mrs. Poythress was aware of the ramp's incline and, in fact, used the ramp *because* it sloped, to avoid having to step up to the curb. Reasoning that this conscious decision demonstrated at least equal knowledge on Mrs. Poythress's part of an open and obvious condition, the trial court granted the commission's motion for summary judgment.

1. We first consider the cross-appeal, in which the commission contends the trial court erred in denying its motion to dismiss the Poythresses' appeal.

The commission moved to dismiss the appeal on the ground that the record had not been timely transmitted because costs had not been timely paid. "OCGA § 5-6-48 (c) authorizes dismissal of a party's appeal for failure to file a transcript timely only if the delay was unreasonable, inexcusable, and caused by the party. [Cit.]" *Beavers v. Gilstrap*, 210 Ga. App. 46, 47 (1) (435 SE2d 267) (1993). The trial court is the finder of fact with reference to the relevant factual issues. *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994). And in making these determinations, the trial court is vested with broad legal discretion. Id. Although OCGA § 5-6-42 provides that a transcript must be filed within 30 days of filing the notice of appeal, this time requirement is not jurisdictional. Id.

"[T]his court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable." (Citations and punctuation omitted.) *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991). But this inference is not conclusive; it may be rebutted by the delaying party. Id. In opposition to the motion to dismiss, the Poythresses submitted the affidavit of Lilly Poythress, in which she stated that shortly after the trial court's grant of summary judgment to the commission, she had been hospitalized for open heart surgery. Her hospital stay of almost three weeks and her recovery period at home after that prevented her and her husband from attending to other matters.

The trial court found that given Mrs. Poythress's medical condition, the delay of slightly more than 30 days in paying the bill of costs was "neither unreasonable nor inexcusable." The evidence presented by plaintiffs amply supports the trial court's conclusion. We find no abuse of discretion and therefore affirm. See *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853 (1) (490 SE2d 483) (1997).

2. In their appeal, the Poythresses contend the trial court erred in applying the "plain view" or "open and obvious" doctrine to the facts in this case. They argue that the "defect" here was the fact that the sloped ramp blended into the surrounding concrete and was not painted to contrast with the sidewalk, making it difficult to see that an incline existed. This contention has no merit. First, even if this were true, the plaintiffs failed to show it. Contrary to appellants' assertion, absolutely nothing in Mrs. Poythress's deposition testimony indicates that she tripped because the ramp blended into the sidewalk. In fact, the only testimony of record regarding this issue, that of the airport's Director of Engineering, which was uncontradicted, established that both the color and the texture of the ramp and the surrounding sidewalk were markedly different.

The deposition testimony of both Mr. and Mrs. Poythress shows that nothing obstructed their view of the ramp and that its slope was clearly visible. Although it was evening, no evidence was presented that the lighting was inadequate. Moreover, the clear inference from Mrs. Poythress's deposition testimony is that she *knew* that this incline existed and, in fact, that was precisely why she decided to walk that way.

*Anderson v. Turton Dev.*, 225 Ga. App. 270 (483 SE2d 597) (1997), relied upon by appellants, is distinguished in this regard and several others. The plaintiff in *Anderson*, too, fell on a handicapped ramp unmarked in contrasting colored paint; we held there that a jury question existed whether she had exercised ordinary care for her own safety. But in *Anderson*, the plaintiffs presented some evidence from which a jury could find negligence on the part of the defendant: A professional engineer testified that the ramp in issue failed to comply with American National Standards Institute (ANSI) standards, and an employee of the defendant hotel testified that she had reported to her supervisor that both she and others had tripped on the same spot. Id. at 271. The plaintiff in *Anderson* was also carrying her belongings from her hotel room to the car, and we held that although she did not look down, a jury could find that she exercised reasonable care for her own safety. Given all this evidence, we could not say as a matter of law that the situation was so open and obvious that an average person exercising ordinary care would have observed it and avoided the danger. Id. at 272.

The facts in this case are different. The Poythresses presented no expert evidence or any other evidence of flaws in design or construction. No evidence was presented that other persons had fallen in this area or that the commission had other notice that it was unsafe.[1]

---

[1] The Poythresses argue in their brief that other people had fallen on the ramp, but this

Although both Mrs. Poythress and the plaintiff in *Anderson* testified that they did not look down and did not see the incline, the plaintiff here was not carrying her belongings and nothing obstructed her view. She presented no evidence that the ramp was defective, and she knew it was there. We *can* say in this case that, as a matter of law, Mrs. Poythress was not exercising ordinary care for her own safety.

3. The Poythresses also contend the ramp did not constitute a static condition, but even if it did, the trial court erred in finding that this was relevant here, because the plaintiff had not traversed the area previously. This is not the law. The ramp did constitute a static condition. A static condition, by definition, is simply one that does not change. Such a condition "is not dangerous unless someone fails to observe it and steps into it. [Cit.]" *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996). It is important that a condition is static when an invitee has previously successfully traversed the area, because the invitee is then presumed to have knowledge of it. But it is also relevant here because in cases involving static conditions, if the invitee knows of the condition, the proprietor has no duty to warn the invitee and no liability for resulting injury to the invitee; the invitee knows as much as the proprietor does. By acting, the invitee assumes the attendant risks. When nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks. Id. Because Mrs. Poythress knew the ramp was sloped, she is charged with knowledge of any hazards associated with walking on a sloped surface. Her knowledge was equal to that of the commission that a sloped surface existed at the spot where she fell, and she may not recover if the cause of the fall was that very slope. She has shown no other defect, and she therefore may not recover.

4. The Poythresses also assert error in the trial court's failure to consider a "distraction" theory. They concede they did not allege they were distracted. But they maintain that because it is implicit in the evidence that traffic was present at an airport roadway, the trial court should have considered here, as in *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (349 SE2d 241) (1986), that although Mrs. Poythress knew of the slope of the ramp, she was distracted by traffic. Plaintiffs correctly note that we said in *Shackelford*: "[a] possible confrontation with vehicular traffic on the property may be a significant 'distraction' for a pedestrian-invitee on the premises. [Cit.]" Id. at 351. But in *Shackelford* the plaintiff testified she was looking for traffic while crossing the parking lot where she

---

argument is belied by the evidence of record. The airport's assistant manager testified that only one fall had occurred prior to that of Mrs. Poythress, and that fall occurred at a different location on the premises, where the design and construction of the area were different.

tripped over a concrete parking bumper.

In this case, plaintiffs presented absolutely no evidence that they were distracted by traffic, nor could this inference be drawn from any of the evidence that was presented. The mere fact that vehicles were regularly in this area does not prove that Mrs. Poythress was distracted. And the trial court was not required to consider a theory not raised by the evidence. If plaintiffs wished for the trial court to consider this theory, they were required to raise it for the court's consideration. After the commission moved for summary judgment and supported its motion with evidence, the Poythresses were required to present their case in full and set forth specific facts showing that the commission was not entitled to judgment as a matter of law. *Coleman v. McDonald's Corp.*, 185 Ga. App. 628, 629 (365 SE2d 282) (1988). They did not do so, and the trial court did not err in granting summary judgment to the commission.

5. The Poythresses maintain the trial court erred in finding it unnecessary to consider the issue of whether adequate ante litem notice was given by John Poythress. Our decision that the trial court correctly granted summary judgment in favor of the commission renders this contention moot.

*Judgments affirmed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 12, 1997.

*Dwight T. Feemster*, for appellants.
*Mozley, Finlayson & Loggins, J. Arthur Mozley, J. Marcus Howard*, for appellee.