## A99A0372. KENDALL v. BURKE.
(516 SE2d 791)

ANDREWS, Judge.

Alvin Kendall appeals from the trial court's order dismissing his appeal in this Court. The trial court found that Kendall had unreasonably and inexcusably failed to pay the copying and filing costs of his appeal and granted Burke's motion to dismiss. Kendall argues on appeal that there was insufficient evidence to support a finding that the failure to pay costs was unreasonable and inexcusable. We disagree and affirm.

This case arose after a bench trial verdict awarding Burke $119,326.19 in damages on his breach of contract claim against Kendall. On March 3, 1997, Kendall filed a timely notice of appeal to this Court. The clerk of court notified Kendall on July 17, 1997, that the transcript was ready and copying and filing costs for the appeal totaled $1,880.50. Kendall did not pay the costs nor did he request an extension of time from the trial court.

On September 4, 1997, Burke filed a motion to dismiss the appeal. On September 9, 1997, Kendall sent the clerk a check for the $1,880.50. The check was returned for insufficient funds.

The trial court held a hearing on Burke's motion to dismiss the appeal on December 16, 1997. As of that date, five months after the transcript was ready and over nine months after the notice of appeal was filed, Kendall still had not paid the costs of appeal.

OCGA § 5-6-48 (c) provides that a transcript must be filed within 30 days after the filing of a notice of appeal unless an extension of time is requested as provided by OCGA § 5-6-39. The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. OCGA § 5-6-48; *Sellers v. Nodvin*, 262 Ga. 205 (415 SE2d 908) (1992). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of dis-

cretion." (Citations and punctuation omitted.) *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991).

A delay is unreasonable if it directly affects the appeal by delaying the placement of the case on the earliest possible calendar in this Court or delaying the docketing of the appeal and the hearing of the case in this Court. *Sellers*, supra at 207. This Court has determined that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable. But, this inference is not conclusive and may be rebutted if the delaying party comes forward with proof showing that the delay was neither unreasonable nor inexcusable. *Smith v. Simpson*, 231 Ga. App. 109 (497 SE2d 663) (1998); *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303, 304 (494 SE2d 76) (1997); *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994); *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991).

Here, the transcript of the hearing on the motion to dismiss shows that Kendall never disputed that the delay was unreasonable and never argued that Burke was not prejudiced due to the delay in transmitting the appeal; nor did Kendall put forward any evidence to overcome the presumption that a delay of five months had delayed the docketing and hearing of the case in this Court. The transcript of the hearing shows that Kendall's only argument to the trial court was that he did not have the money to pay the costs; however, he also admitted that he did not qualify as an indigent. Further, and most importantly, in this case, unlike the cases cited by Kendall in support of his argument, there has been not only a delay, but a total failure to pay the cost of the transcript as of the date of the trial court's order. Under those circumstances, the trial court correctly found the delay was both inexcusable and unreasonable. *Plumides v. American Engines &c.*, 227 Ga. App. 885, 886 (490 SE2d 552) (1997). The trial court did not abuse its discretion in granting the motion to dismiss the appeal.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 23, 1999.

*Lawson & Thornton, George O. Lawson, Jr., Alton Hornsby III*, for appellant.

*John A. Roberts*, for appellee.