A00A2162. STONE v. BOYNE et al.

(539 SE2d 209)

ELDRIDGE, Judge.

Appellant-plaintiff George E. Stone appeals from the superior court's order dismissing his appeal in this Court. The superior court found that appellant unreasonably and inexcusably delayed the processing of his appeal — this for failure to pay costs or file an affidavit of indigence. Consequently, the court granted the motion to dismiss the appeal filed by appellee-defendants Bob Boyne, Jack Hardman, Gladys Lyde, Harold Pate, J. E. (Sonny) Miller, Milton Lynn, and Virginia Gunn, individually and in their official capacities as members of the Board of Commissioners of Glynn County; Lee Gilmour, individually and in his official capacity as County Administrator for Glynn County; Keith Flanagan, individually and in his official capacity as Superintendent of Public Works for Glynn County; and David Bandy, individually and in his official capacity as Personnel Director for Glynn County ("Glynn County"). On appeal, the appellant, in effect,[1] argues the insufficiency of the evidence to support a finding that his failure to pay costs or file an affidavit of indigence was unreasonable and inexcusable under OCGA § 5-6-48 (c). We disagree and affirm. *Held*:

On January 11, 1999, finding that the appellant was required to contest his termination as a Glynn County employee[2] by writ of certi-

---

[1] By his brief on appeal, the appellant states that "[u]nder the peculiar and unique circumstances of this case, his failure to pay necessary court costs within the customary time was neither unreasonable nor inexcusable."

[2] The appellant was dismissed from his employment as the managing supervisor of the Roads & Bridges Division of the Glynn County Department of Public Works. He was accused of theft by taking upon having approximately 3.5 yards of crushed stone, the property of the

orari rather than by independent action averring breach of contract, the superior court granted summary judgment to appellees. On February 8, 1999, the appellant timely filed notice of appeal thereon to this Court. Twenty days later, the clerk of court mailed appellant, through trial counsel (now appellate counsel), a statement of costs indicating that the transcript had been copied and that filing costs for his appeal were $437.50. On March 28, 1999, a second statement of costs was sent to the appellant by certified mail, again through trial counsel at a second address because the first letter had been returned as undeliverable. The return receipt of record reflects receipt of this costs statement on April 21, 1999.

On September 2, 1999, Glynn County filed its motion to dismiss the appeal. The superior court twice set hearing dates on the motion; however, by order executed on January 14, 2000, the court continued the second of these, announced that the parties had agreed that the motion to dismiss appeal be decided on their written briefs as submitted, and ordered the appellant to respond to the motion within 14 days of its order. On February 7, 2000, the appellant filed his motion for a seven-day extension of the time to respond to the motion to dismiss appeal, filing in support thereof his pauper's affidavit filed the same date. On March 30, 2000, the superior court issued its order granting Glynn County's motion to dismiss appeal.

> OCGA § 5-6-48 (c) provides that a transcript must be filed within 30 days after the filing of a notice of appeal unless an extension of time is requested as provided by OCGA § 5-6-39. The [superior] court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such a party. OCGA § 5-6-48; *Sellers v. Nodvin,* 262 Ga. 205 (415 SE2d 908) (1992).

*Kendall v. Burke,* 237 Ga. App. 742 (516 SE2d 791) (1999). "Whether or not to dismiss a notice of appeal for delay in paying costs rests in the sound discretion of the trial court when the grounds to dismiss have been met. [Cit.]" *Style Craft Homes v. Chapman,* 226 Ga. App. 634, 636 (487 SE2d 32) (1997). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citations and punctuation omitted.) *Hall v. Bussey,* 200 Ga. App. 311 (408 SE2d 430) (1991).

---

county, delivered to his son's home for use in conjunction with the installation of a septic system.

The superior court did not abuse its discretion by finding there had been an unreasonable delay in transmitting the record to this Court; that such delay was inexcusable; and that the delay was attributable to the appellant. Costs have never been paid. Appellant's notice of appeal had been pending for a year when the parties agreed to submit the motion to dismiss appeal to the superior court for its decision on briefs, and the appellant knew from the filing of the notice of appeal that costs must be paid. Moreover, appellant's response to Glynn County's motion and his affidavit of indigence were untimely filed — the former having been filed approximately five months after the motion to dismiss appeal, the latter having been filed more than eight months after the second clerk's letter had been received notifying him of the requirement to pay costs in order to perfect his appeal.

We have determined that a delay in excess of 30 days is prima facie unreasonable and inexcusable. *Kendall v. Burke,* supra at 743. While this presumption is subject to rebuttal, id., the appellant has not come forward with proof that his delay was not unreasonable and inexcusable. By his pauper's affidavit, the appellant explains his delay as resulting from a deep desire to avoid seeking public assistance in paying the costs due, as well as significant personal difficulties. While we do not regard this explanation as post hoc rationalization and sympathize, it is undisputed in the record that the appellant caused the instant delay, as the superior court found, through his failure to timely pay costs or file an affidavit of indigence. Having directed the clerk to omit nothing from the record of this case on appeal, " 'it was his responsibility to ensure all [of the record be] prepared and filed. (Cit.)' [*Boveland v. Young Women's Christian Assn. &c.,* 227 Ga. App. 241, 242 (1) (489 SE2d 35) (1997)]." *Hameed v. Hall,* 234 Ga. App. 890, 892 (1) (508 SE2d 680) (1998). The appellant having failed in this responsibility, the superior court did not err in granting the instant motion to dismiss appeal.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 12, 2000.

*Christopher A. Frazier,* for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Gregory T. Carter,* for appellees.