A05A1331. COTTRELL v. ASKEW et al.
(624 SE2d 203)

BERNES, Judge.

Appellant Rose M. Cottrell appeals from the trial court's order dismissing her appeal for failure to pay costs. For the reasons set forth below, we affirm.

The record shows that Ms. Cottrell has been an unsuccessful applicant for admission to the State Bar of Georgia since 1992. On July 12, 2002, Cottrell filed a petition for a writ of mandamus against Hulett Askew, director of the Georgia Office of Bar Admissions; Thurbert Baker, Attorney General for the State of Georgia; and Rebecca Mick, Assistant Attorney General for the State of Georgia (collectively, "the State"), in the Superior Court of Fulton County. Ms. Cottrell contended that she had been wrongfully denied access to her bar application file and sought relief in the nature of the issuance of a license to practice law and compensatory damages.

The State responded to the petition for mandamus denying Ms. Cottrell's averments on July 30, 2002. On August 21, 2002, the trial court entered its final order denying the petition for insufficient service of process and failure to state a claim upon which relief can be granted. Ms. Cottrell timely filed a notice of appeal from this decision and acknowledged that she received the cost bill in the amount of $279.50 for processing the appellate record on September 5, 2002. Thereafter, on September 9, 2002, Ms. Cottrell filed an amended notice of appeal, attaching thereto an affidavit and motion to proceed in forma pauperis ("pauper's affidavit"). In December 2002, the trial court considered Ms. Cottrell's pauper's affidavit, and denied her motion on January 27, 2003.

Ms. Cottrell filed a third notice of appeal on February 26, 2003, stating that she was now appealing the denial of her motion to proceed in forma pauperis and the denial of her mandamus petition. Thereafter, she acknowledged receipt of the cost bill issued on March 6, 2003 for an additional $29 for amending the record. Ms. Cottrell filed a "Second Amended Notice of Appeal" on or about March 19, 2003. By letters to the court clerk dated April 14, 2003 and June 30, 2003, Ms. Cottrell requested an updated bill of costs. On or about July 25, 2003, Ms. Cottrell received a letter from the court clerk advising

that her total bill was $308.50, including the first cost bill of $279.50 plus the second cost bill of $29.

On August 25, 2003, Ms. Cottrell filed a motion for extension of time to pay costs until October 1, 2003. The State opposed Ms. Cottrell's motion and filed its motion to dismiss appeal for failure to pay costs on September 23, 2003. Ms. Cottrell filed additional motions for extensions of time to pay costs on January 23, 2004 and on April 12, 2004. Despite the passage of several months thereafter, Ms. Cottrell still had not paid the cost bill. On August 4, 2004, following the conduct of a hearing, the trial court entered its order granting the motion to dismiss appeal, finding that Ms. Cottrell's total failure to pay costs caused an unreasonable, inexcusable delay in transmitting the record to the appellate court.

On August 23, 2004, Ms. Cottrell filed another notice of appeal. For this appeal, Ms. Cottrell received a cost bill in the amount of $537.50 on September 13, 2004. She rendered payment in full on November 29, 2004.

OCGA § 5-6-48 (c) provides in relevant part that

> the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

"A trial court's decision to grant or deny a motion to dismiss an appeal under this statute is reviewed under an abuse of discretion standard." (Citation and punctuation omitted.) *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005).

In this case, Ms. Cottrell acknowledged receipt of the cost bills from the court clerk. Nonetheless, she failed to pay the costs for nearly two years. "This Court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable. However, this inference may be rebutted by evidence presented by the appealing party." (Citation and punctuation omitted.) *Fun Fit Enterprises*, 273 Ga. App. at 686. See also *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991); *Bouldin v. Parker*, 173 Ga. App. 526, 527 (1) (327 SE2d 760) (1985).

Ms. Cottrell does not dispute that the nearly two year delay was unreasonable. Rather, she contends that her failure to pay costs was

excusable. In this regard, Ms. Cottrell claims that the delay was caused in part by the court clerk's failure to timely respond to her requests for an updated cost bill. She contends that the differing amounts between the first cost bill of $279.50 and the second cost bill of $29 was confusing. Nonetheless, Ms. Cottrell has conceded that she received a letter from the court clerk on or about July 25, 2003 advising her that the total cost bill was $308.50. Despite this clarification, she still failed to pay the cost bill.

Ms. Cottrell further claims that she was unemployed and that the trial court erroneously denied her motion to proceed in forma pauperis on appeal. Upon the trial court's consideration and determination that Ms. Cottrell failed to qualify as a pauper, she was required to pay the costs.[1] Upon her subsequent failure to do so, a dismissal under OCGA § 5-6-48 (c) became authorized. See *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 499 (265 SE2d 845) (1980); *Spaulding v. Rich's, Inc.*, 144 Ga. App. 467, 469 (241 SE2d 584) (1978). Furthermore, where "there [was] not only a delay, but a total failure to pay the cost[s] . . . as of the date of the trial court's order[,] . . . the trial court correctly found the delay was both inexcusable and unreasonable." (Citation omitted.) *Kendall v. Burke*, 237 Ga. App. 742, 743 (516 SE2d 791) (1999). Thus, we conclude that the trial court did not abuse its discretion in granting the State's motion to dismiss appeal for Ms. Cottrell's failure to pay costs.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2005 —
RECONSIDERATION DISMISSED DECEMBER 7, 2005.

Rose M. Cottrell, *pro se.*

*Thurbert E. Baker, Attorney General, Stefan E. Ritter, Penny Hannah, Assistant Attorneys General,* for appellees.

---

[1] We have held that "[t]he proper forum for determining the truth of a pauper's affidavit is in the trial court, not in this court." (Citations omitted.) *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985). As such, "[t]he trial court's ruling on all issues of fact concerning the ability of a party to pay costs is final [under OCGA §§ 5-6-47 (b) and 9-15-2 (b)], and not subject to review." (Citations omitted.) Id. See also *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (1) (370 SE2d 625) (1988); *Grace v. Caldwell*, 231 Ga. 407, 409 (4) (202 SE2d 49) (1973).