### A09A0904. MITCHELL v. CANCER CAREPOINT, INC.
(683 SE2d 923)

DOYLE, Judge.

Paul A. Mitchell appeals pro se from the trial court's order dismissing his appeal based on his failure to pay costs as required by OCGA § 5-6-48 (c), which delayed transmission of the record to this Court. We affirm, for reasons that follow.

The record shows that Mitchell, a board certified radiation oncologist, filed suit against Cancer CarePoint, Inc., on May 24,

---

2007, alleging breach of contract and other claims. Cancer CarePoint subsequently filed a motion for summary judgment, which the trial court granted in a July 21, 2008 order. Mitchell filed a notice of appeal,[1] and the clerk of court sent the cost bill to him on July 31, 2008, in the amount of $1,151.[2] In a letter to the clerk of court dated August 10, 2008 — which was received by the clerk of court on August 13, 2008 — Mitchell acknowledged receipt of the cost bill and requested permission to proceed in forma pauperis. Mitchell also included an "Affidavit in Support of Request to Proceed in Forma Pauperis," in which he stated that he was unemployed and did not own any real estate and that he had filed for bankruptcy in 2007; the document was signed, but not notarized.[3]

On August 25, 2008, the trial court denied Mitchell's request to proceed in forma pauperis. On October 24, 2008, Cancer CarePoint filed a motion to dismiss Mitchell's notice of appeal based upon his failure to pay costs and the resulting delay in the transmission of the record to this Court. On October 31, 2008, the trial court notified the parties that the hearing on the motion to dismiss was scheduled for December 3, 2008, and Mitchell paid the cost bill on November 12, 2008. Following the hearing, which Mitchell failed to attend, the trial court granted Cancer CarePoint's motion to dismiss the appeal, concluding that Mitchell "offered no evidence of a reasonable and solid excuse for [his] failure to pay the bill of costs for more than two and a half months after the denial of his Petition to Proceed in Forma Pauperis." This appeal followed.

1. In several enumerations of error, Mitchell challenges the trial court's denial of his motion to proceed in forma pauperis. His arguments present no basis for reversal.

As an initial matter, we note that Mitchell's affidavit is not notarized and, thus, is not valid.[4] Moreover, "the proper forum for

---

[1] According to the trial court's order dismissing Mitchell's appeal, Mitchell filed a premature notice of appeal on June 16, 2008. "[A] prematurely filed notice of appeal is treated as effective upon the filing of the order or judgment appealed," and thus, Mitchell's notice of appeal was effective on July 21, 2008, the date the trial court's order granting summary judgment was entered. *In the Interest of J. D. A.*, 267 Ga. App. 103 (598 SE2d 842) (2004).

[2] The clerk subsequently sent an amended cost bill to Mitchell on August 27, 2008, in the amount of $1,142.

[3] Mitchell did not serve Cancer CarePoint with a copy of his motion to proceed in forma pauperis nor with his affidavit in support thereof.

[4] See *Anderson v. Hardoman*, 286 Ga. App. 499, 500 (1) (649 SE2d 611) (2007) (a statement submitted in support of an application to proceed in forma pauperis that is not notarized is not an affidavit because " 'in the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence. To make a valid affidavit the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.' "); *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985) (same).

determining the truth of a pauper's affidavit is in the trial court, not in this court."[5] Pursuant to OCGA §§ 5-6-47 (b) and 9-15-2 (a) (2), a trial court's ruling regarding indigency is final and not subject to appellate review.[6]

Mitchell argues that because Cancer CarePoint failed to file a traverse to his indigency affidavit, it has "forfeited the right to make the claim that [his] affidavit was false and/or frivolous." We find this argument particularly disingenuous, given Mitchell's admitted failure to provide Cancer CarePoint with a copy of his affidavit.[7] In any case, Cancer CarePoint's failure to submit an opposing affidavit does not alter the fact that the trial court's findings regarding Mitchell's indigency are not subject to our review.[8]

2. Mitchell argues that the trial court abused its discretion in dismissing his notice of appeal. We disagree.

OCGA § 5-6-48 (c) provides in relevant part that a

> trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

"Whether or not to dismiss a notice of appeal for delay in paying costs rests in the sound discretion of the trial court when the grounds to dismiss have been met."[9]

Here, Mitchell did not pay the costs until November 12, 2008, more than 100 days after the initial cost bill was sent to him, more than 90 days after he requested permission to proceed in forma pauperis, and more than 70 days after the trial court denied his request.[10] "We have determined that a delay in excess of 30 days is

---

[5] (Punctuation omitted.) *Cottrell v. Askew*, 276 Ga. App. 717, 719, n. 1 (624 SE2d 203) (2005).

[6] See id.; *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (1) (370 SE2d 625) (1988).

[7] See OCGA § 9-11-5 (a) (unless otherwise ordered by the trial court, "every written motion other than one which may be heard ex parte . . . and similar paper shall be served upon each of the parties").

[8] See *Saylors*, 187 Ga. App. at 461 (1).

[9] *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 636 (487 SE2d 32) (1997); see *Cottrell*, 276 Ga. App. at 718.

[10] Mitchell has provided no authority for his contention that although he did not actually

prima facie unreasonable and inexcusable."[11] Following a hearing, the trial court found that the delay was unreasonable, inexcusable, and caused by Mitchell. Thus, under the facts of this case, we find no abuse of the trial court's discretion in dismissing Mitchell's appeal.[12]

3. Cancer CarePoint's motion to dismiss this appeal based on Mitchell's failure to timely file his brief is denied.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 28, 2009.

Paul A. Mitchell, *pro se.*
*Wilson, Morton & Downs, Debra A. Golymbieski,* for appellee.

---

pay the cost bill for more than three months after receipt of the bill, because he filed an affidavit of indigence within twenty days of receipt of the cost bill, he thus "paid the costs within the 20 days allowed by law," and we find the argument unpersuasive in light of the fact he still failed to pay the costs until seventy days after his request to proceed in forma pauperis was denied.

[11] *Stone v. Boyne,* 245 Ga. App. 868, 870 (539 SE2d 209) (2000).

[12] See *Cottrell,* 276 Ga. App. at 719; *Stone,* 245 Ga. App. at 870; *Style Craft,* 226 Ga. App. at 636.