A11A0350, A11A0351, A11A0352, A11A0353. KAPPELMEIER
v. PDQ PROPERTY MANAGEMENT, INC. et al. (four cases).

(710 SE2d 631)

MIKELL, Judge.

Gottfried A. Kappelmeier, who is pro se, filed a complaint alleging various torts against PDQ Property Management, Inc. ("PDQ"), and its president, Wanda J. Galante, arising out of their management of the Berkeley Woods condominiums, where Kappelmeier resides. In these four consolidated appeals, Kappelmeier enumerates as error the trial court's orders denying his motion for default judgment, denying his motion for recusal, and denying his request to proceed in forma pauperis. Finding no error, we affirm.

1. The complaint in this case was served on appellees on January 5, 2009, and appellees timely filed their responsive pleadings within 30 days thereafter, on February 4, 2009. Accordingly, the trial court denied Kappelmeier's motion for default judgment, which asserted that appellees' answer was untimely filed.

Kappelmeier argues that appellees' answers were invalid because they were not verified.[1] We disagree. The Civil Practice Act does not require verification of defensive pleadings except where specifically stated.[2] A verified answer is required "[i]n all cases where the plaintiff files a pleading with an affidavit attached to the effect that the facts stated in the pleading are true to the best of his knowledge and belief."[3] Although Kappelmeier's complaint states that it is "verified," there is no affidavit attached thereto indicating that the facts alleged in the complaint are true.[4] "Under these circumstances, the defendants were not required to verify their answer."[5]

2. Kappelmeier next complains of the denial of his "emergency" motion to recuse the trial judge, arguing that the judge "at all relevant times appeared to rule with a distinct, chronic anti-pro se

---

[1] Appellees assert that Kappelmeier waived this claim by failing to assert it in the trial court. We find, however, that the issue was raised in Kappelmeier's motion for default judgment, so we address it herein.

[2] OCGA § 9-11-11 (b); *Auerback v. Maslia*, 142 Ga. App. 184, 187 (5) (235 SE2d 594) (1977).

[3] OCGA § 9-10-111.

[4] Only affidavits of indigency are attached to the complaint.

[5] (Citation omitted.) *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 43 (2) (482 SE2d 536) (1997).

Kappelmeier bias."

In compliance with Uniform Superior Court Rule (USCR) 25.3, another judge was assigned to hear Kappelmeier's motion for recusal, and the judge issued a well-reasoned order concluding that Kappelmeier had failed to set forth any facts supporting his allegations of judicial bias. "This Court employs an abuse of discretion standard in reviewing rulings made upon motions to recuse."[6]

"In order to be disqualifying an alleged judicial bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case."[7] The alleged bias "must be of such a nature and intensity to prevent the [party] from obtaining a trial uninfluenced by the court's prejudgment."[8] The record reveals no evidence of bias, and there was no abuse of discretion in the denial of Kappelmeier's motion.

3. Finally, Kappelmeier enumerates as error the trial court's order denying his request to proceed in forma pauperis. However, he offers no argument or citation of authority in support of this enumeration of error. "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."[9] Moreover, even if we did not deem this claimed error abandoned, it would provide no basis for reversal. "Pursuant to OCGA § 5-6-47 (b) and OCGA § 9-15-2 (a) (2), a trial court's ruling regarding indigency is final and not subject to appellate review."[10]

4. Kappelmeier's brief is, in this case, as it was in a previous appeal, "particularly difficult to decipher."[11] We are unable to discern any other argument save those addressed above; as such, any other error vaguely asserted by Kappelmeier is deemed abandoned pursuant to Court of Appeals Rule 25 (c). "Even pro se appellants must abide by appellate practice rules."[12]

5. Kappelmeier's reply brief is rife with personal attacks and disparaging remarks against counsel for appellees. Such remarks are

---

[6] (Citation, punctuation and footnote omitted.) *Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (3) (642 SE2d 125) (2007).

[7] (Punctuation and footnote omitted.) *Butts v. State*, 273 Ga. 760, 762-763 (3) (546 SE2d 472) (2001).

[8] (Citation and punctuation omitted.) *Gillis v. City of Waycross*, 247 Ga. App. 119, 120 (543 SE2d 423) (2000); accord *Morgan v. Propst*, 301 Ga. App. 402, 404 (1) (c) (688 SE2d 357) (2009).

[9] Court of Appeals Rule 25 (c) (2).

[10] *Mitchell v. Cancer Carepoint*, 299 Ga. App. 881, 883 (1) (683 SE2d 923) (2009), citing *Cottrell v. Askew*, 276 Ga. App. 717, 719, n. 1 (624 SE2d 203) (2005). See *Quarterman v. Weiss*, 212 Ga. App. 563, 564 (5) (442 SE2d 813) (1994); *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (1) (370 SE2d 625) (1988).

[11] *Kappelmeier v. HSBC USA, Inc.*, 280 Ga. App. 349, 350, n. 1 (634 SE2d 133) (2006).

[12] *Moss v. Rutzke*, 223 Ga. App. 58, 59 (1) (476 SE2d 770) (1996).

strictly forbidden by Court of Appeals Rule 10 and might subject Kappelmeier to contempt under Court of Appeals Rule 7.

*Judgments affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 27, 2011.

Gottfried A. Kappelmeier, *pro se.*
*Christopher R. Reeves*, for appellees.