**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 25, 2018**

# In the Court of Appeals of Georgia

A18A0273. LEE v. BATCHELOR.

REESE, Judge.

Howard Lee seeks review of the trial court's order denying his request to proceed in forma pauperis in a civil action he intends to file.[1] Lee contends that the trial court erred in denying his request without conducting a hearing, because no one filed a traverse contesting the truth of his affidavit of poverty. For the reasons set forth, infra, we reverse and remand this case for a hearing on Lee's request.

The record shows the following undisputed facts. Lee filed an affidavit of eligibility to proceed in forma pauperis, proof of his inmate account balance, and his

---

[1] Lee is incarcerated, so his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq., and he properly proceeded by filing an application for discretionary review. See OCGA § 42-12-8 ("Appeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35."); see also OCGA § 5-6-35 (b).

proposed civil complaint. According to these documents, Lee had no assets except for the seven cents in his inmate account. There is no traverse contesting the truth of Lee's affidavit of poverty in the record. Even so, without conducting a hearing, the trial court found as a matter of fact that Lee was not indigent to the extent that he should be allowed to proceed in forma pauperis.

The procedures to be followed by the trial court when a party seeks to avoid paying court costs due to his or her indigence are outlined in OCGA § 9-15-2. OCGA § 9-15-2 (a) (1) provides as follows:

> When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

However, "[a]ny other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue."[2] In such a case, the question of the plaintiff's indigence "shall be heard and determined by the court, under the rules of the court[,]" and "[t]he judgment of the

---

[2] OCGA § 9-15-2 (a) (2); see OCGA § 5-6-47 (b).

2

court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final."[3] Thus, under OCGA § 9-15-2 (a) (2), if another party disputes the party's status as indigent and that dispute is resolved by the trial court, the court's decision is typically not entitled to appellate review.[4]

This Court has concluded, however, that, even though a trial court's *factual* determination of whether a party is indigent is not subject to appellate review, this Court is authorized to review the *procedure* used by the trial court when making an indigence ruling.[5] Here, Lee argues that the trial court erred when it denied his request to proceed in forma pauperis without holding a hearing, as required by OCGA § 9-15-2 (b). OCGA § 9-15-2 (b) provides as follows:

> In the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence. *After a hearing*, the court may order the costs to

---

[3] OCGA § 9-15-2 (a) (2); see OCGA § 5-6-47 (b); see also *Mitchell v. Cancer Carepoint*, 299 Ga. App. 881, 882-883 (1) (683 SE2d 923) (2009) ("[T]he proper forum for determining the truth of a pauper's affidavit is in the trial court, not in this [C]ourt.") (punctuation and footnote omitted).

[4] See *Mitchell*, 299 Ga. App. at 883 (1).

[5] *Boyd v. JohnGalt Holdings*, 318 Ga. App. 866, 869 (2) (736 SE2d 459) (2012) ("Whether the trial court followed the correct procedure when it denied the [party's] indigent status is a question of law for this Court.") (citations omitted).

3

be paid if it finds that the deposit, fee, or other costs can be paid and, if the costs are not paid within the time permitted in such order, may deny the relief sought.[6]

Thus, "the plain language of [OCGA § 9-15-2 (b)] requires a hearing before a court may order costs to be paid."[7] Stated differently, "there is nothing in the statute that allows a court inquiring on its own into the truth of a pauper's affidavit to order the payment of court costs without a hearing."[8] It follows that, "without a traverse or a hearing, [Lee's] affidavit[ ] stand[s] unrebutted in the record, and [Lee] should have been relieved from paying costs without any adverse impact on [his] right[ ] to pursue a legal remedy."[9]

---

[6] (Emphasis supplied.)

[7] *Boyd*, 318 Ga. App. at 871 (2); see *Gruner v. Thacker*, 320 Ga. App. 146, 149 (2) (739 SE2d 440) (2013).

[8] *Boyd*, 318 Ga. App. at 871 (2).

[9] Id. at 872 (2); see *Gruner*, 320 Ga. App. at 149 (2).

Accordingly, the trial court erred in failing to conduct a hearing on Lee's claim of indigence.[10] We reverse the order and remand this case to the trial court for an evidentiary hearing on the question of Lee's indigence.[11]

*Judgment reversed, and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*

---

[10] See *Boyd*, 318 Ga. App. at 872 (2).

[11] See id.; see also *Gruner*, 320 Ga. App. at 149-150 (2).

5