# Court of Appeals
# of the State of Georgia

ATLANTA,__March 19, 2026_____

*The Court of Appeals hereby passes the following order:*

## A26A0320.  GUERRA v. LEWIS et al.

Following trial, a jury rendered a verdict in favor of Appellees and awarded them over $3 million in damages. On January 27, 2025, the trial court entered judgment, affirming the jury's verdict and award, and several months later, the court denied Appellant's motion for new trial. Subsequently, Appellant filed a motion for new trial, and Appellees filed a motion requesting that Appellant post a supersedeas bond in the amount of $4,031,000.00, which the trial court granted.

Thereafter, on June 19, 2025, the trial court denied Appellant's motion for new trial. Appellant filed a notice of appeal on July 16, 2025, and on the same day, rather than posting the bond, Appellant filed a notice of filing an affidavit of indigence. Appellees then filed a motion to traverse the affidavit of indigence, arguing it was materially false and filed to mislead the trial court. The trial court scheduled a hearing on the matter, but on September 2, 2025, the appeal was docketed in this Court. Afterward, it appears the trial court conducted a hearing on September 12, 2025, but the record includes no order resolving Appellees' motion. Indeed, Appellant's affidavit of indigency filed in this Court states that the trial court had yet to issue a ruling on the matter.

On October 17, 2025, Appellees filed a traverse to Appellant's affidavit of indigency in this Court, requesting that we deny Appellant's request to proceed *in forma pauperis* on appeal. OCGA § 9-15-2(a)(1) provides:

> When any party, plaintiff or defendant, in any action or proceeding
>
> held in any court in this state is unable to pay any deposit, fee, or
>
> other cost which is normally required in the court, if the party shall
>
> subscribe an affidavit to the effect that because of his indigence he
>
> is unable to pay the costs, the party shall be relieved from paying the
>
> costs and his rights shall be the same as if he had paid the costs.

Subsection (a)(2) then continues:

> Any other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court, under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.

Importantly, we have held that "the proper forum for determining the truth of a pauper's affidavit is in the trial court, not in this court." *Mitchell v. Cancer CarePoint, Inc.*, 299 Ga. App. 881, 882–83(1) (683 SE2d 923) (2009) (quotation marks omitted). And under "OCGA §§ 5-6-47(b) and 9-15-2(a)(2), a trial courts ruling regarding indigency is final and not subject to appellate review." Id. at 883(1).

In this matter, however, although it held a hearing on issue of Appellant's indigency, it does not appear that the trial court entered an order on that issue. Given that this Court is not the proper forum to make a determination regarding that issue, we must remand this case to the trial court. Cf. *Lee v. Batchelor*, 345 Ga. App. 559, 560–61 (814 SE2d 416) (2018) (remanding case to trial court for an evidentiary determination on the question of appellant's claim of indigence). Accordingly, we DENY Appellees' traverse to Appellant's affidavit of indigency but remand this case to the trial court for a determination on that issue.



*Court of Appeals of the State of Georgia*
*Clerk's Office*
*Atlanta,* 03/19/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*